IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **PROPERTY SOLUTIONS INTERNATIONAL, INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**YARDI SYSTEMS, INC.**, a California corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:15cv102<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Property Solutions International, Inc.'s ("Plaintiff") Motion for Leave to File First Amended Complaint.[2] The court has reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiff seeks to amend its complaint to assert a claim for breach of a 2006 non-disclosure agreement between Plaintiff and Yardi Systems, Inc. ("Defendant"). In addition, Plaintiff seeks to add and modify a number of allegations to refine its other causes of action and to reflect new information learned from ongoing factual investigations. Plaintiff sought consent

---

[1] *See* docket no. 30.

[2] *See* docket no. 36.

from Defendant to file an amended complaint.  Defendant reviewed the proposed amended complaint and determined that it would not consent to either the amendments proposed to the antitrust claims or the addition of a new claim for breach of contract.  Defendant previously filed a motion for judgment on the pleadings.  Briefing on that motion has been stayed pending the outcome of the instant motion.

Defendant asks this court to deny Plaintiff's motion for leave to amend its Fifth, Sixth and Seventh Claims and related allegations of antitrust violations because Plaintiff's proposed amendments are futile.  Defendant also requests that this court deny Plaintiff leave to add its Ninth Claim for breach of contract because that amendment would also be futile as Plaintiff was aware of the facts underlying that claim before bringing this case.

Plaintiff's motion for leave to amend is governed by rule 15(a)(2) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a)(2).  Under that rule, "[t]he court should freely give leave" to amend pleadings "when justice so requires."  *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision about whether to provide a party leave to amend pleadings "is within the discretion of the trial court."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted).  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance, futility of amendment . . . the leave sought should, as the rules require, be 'freely given.'"  *Foman*, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

Defendant contends that Plaintiff's proposed amended complaint is futile. Even under the liberal standard for amending pleadings, "the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted). A proposed amendment is futile only where "it is *patently obvious* that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010) (quotation marks and internal citation omitted) (emphasis added).

Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a motion for leave to amend "should not be transformed by [the opposing party] into a mini-trial or summary judgment proceeding, without the safeguards normally present for maturation and merits-based resolution of claims." *ClearOne Commc'n, Inc. v. Chiang*, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept.5, 2007).

In its opposition memorandum, Defendant's futility argument reads more like a motion to dismiss or motion for summary judgment, "[b]ut the doctrine [of futility] is meant to apply in cases where a party clearly cannot state a claim." *ClearOne*, 2007 WL 2572380, at *1. Defendant makes various arguments that the challenged portions of Plaintiff's proposed Amended Complaint fails to state a claim but it neglects the liberal standard applied to both motions to amend and to pleadings themselves. Defendant's objections to the proposed Amended Complaint are "more properly raised in a motion to dismiss where full briefing is allowed rather than in the motion to amend." *ClearOne*, 2007 WL 2572380, at *1.

The court notes that this case is in its infancy. The parties have not yet conducted the Rule 26(f) attorneys' planning meeting, proposed any pretrial and trial deadlines to the court, participated in a scheduling or initial pretrial conference before the court (indeed, none has yet even been scheduled), made any initial disclosures, or propounded any discovery of any type.

Furthermore, as noted by the Tenth Circuit, the "most important" factor in determining whether to grant a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Id.* at 1208 (quotations and citation omitted). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Defendant does not even assert or explain how it would suffer any prejudice if Plaintiff is allowed to file an amended complaint.

While Plaintiff's challenged causes of action may eventually fail as a matter of law, given the very liberal pleading standard under rule 15(a) and the procedural posture of this case, as well as the fact that Defendant has not alleged prejudice in allowing the amendment, this court is persuaded that Plaintiff ought to be allowed to amend its complaint. Accordingly, Plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff shall file its amended complaint within ten (10) days of the date of this order.

**IT IS SO ORDERED**.

DATED this 7th day of April, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge