# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YARDI SYSTEMS, INC., a California corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cv-00102-CW-PMW<br><br>**District Judge Clark Waddoups**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Entrata, Inc.'s ("Plaintiff") short form motion for entry of an order governing discovery of electronically stored information[2] and Yardi Systems, Inc.'s ("Defendant") short form discovery motion to determine electronically stored information protocol.[3] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 30.

[2] *See* docket no. 105.

[3] *See* docket no. 106.

## ANALYSIS

The two motions before the court center on the entry of an order to govern discovery of electronically stored information ("ESI") in this case. Plaintiff seeks entry of its proposed ESI order, while Defendant seeks entry of its proposed ESI order. The parties' main points of disagreement can be divided into four separate categories, which the court will address in turn below.

### I. Plaintiff's Proposed Paragraph 4.

The court is unpersuaded by Defendant's arguments that this paragraph is redundant to Paragraph 8 and creates ambiguity concerning whether the Federal Rules of Civil Procedure or Paragraph 4 govern discovery in this case. The court does not view the paragraph as redundant. As noted by Plaintiff, it will help to ensure that the parties will not use the ESI order to avoid their discovery obligations. As for Defendant's second argument, it is clear that the Federal Rules of Civil Procedure always govern discovery in any case. *See* Fed. R. Civ. P. 1 (providing that the "rules govern the procedure in all civil actions and proceedings in the United States district courts"). The language of Paragraph 4 does nothing to alter that principle.

### II. Computing Resources to Be Searched; Personal Devices and Accounts.

Defendant's arguments concerning the computing resources to be searched focus on Plaintiff's alleged actions in another case pending between the parties in the Central District of California. Those arguments are inapposite to this case. This court will focus on the parties' actions in this action, not any allegations about what may or may not have occurred in a separate case. Even putting that aside, the court is not persuaded that the expansive scope of searches

required by Defendant's proposed ESI order is appropriate under the proportionality limitations of Rule 26. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(B).

With respect to the parties' arguments on the issue of searching Plaintiff's employees' personal devices and accounts, the court is persuaded that the process outlined in Plaintiffs' proposed ESI order for accessing Plaintiff's employees' personal accounts and devices is appropriate. Furthermore, as Defendant admits, it can seek that information directly from Plaintiff's employees through other discovery means.

### III. Duplication and Proportionality; Cumulative ESI and Burden of Search; Searching Subsidiary or Affiliate Companies.

On these issues, Defendant again presents arguments about Plaintiff's alleged conduct in the related case referenced above. As previously noted, the court is unpersuaded by those arguments. As for the parties' proposed language on these issues, the court concludes that Plaintiff's proposed language best serves the scope of and proportionality limitations on discovery outlined in Rule 26. *See* Fed. R. Civ. P. 26(b)(1).

### IV. Native Format.

The court concludes that Plaintiff's proposed additional language concerning production of documents in native format is appropriate because, again, it serves the proportionality requirement of Rule 26. *See id.*

## CONCLUSION AND ORDER

The court concludes that all of Defendant's arguments concerning the ESI order to be entered in this case are without merit. Accordingly, and for the foregoing reasons, Plaintiff's

short form motion for entry of an order governing discovery of electronically stored information[4] is GRANTED, and Defendant's short form discovery motion to determine electronically stored information protocol[5] is DENIED. After entry of this order, the court will enter Plaintiff's proposed ESI order.

    IT IS SO ORDERED.

    DATED this 20th day of September, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[4] *See* docket no. 105.

[5] *See* docket no. 106.