# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> YARDI SYSTEMS, INC., a California corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 2:15-cv-00102-CW-PMW <br><br><br> District Judge Clark Waddoups <br><br> Chief Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are Yardi Systems, Inc.'s ("Defendant") expedited motion to modify the scheduling order and Entrata, Inc.' ("Plaintiff") five short form discovery motions.  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

As an initial matter, the court notes that there has been a great deal of irregular briefing on the motions before the court.  For example, Plaintiff has filed several replies on short form discovery motions, which is expressly not contemplated or allowed by the court's short form

---

[1] *See* docket no. 30.

discovery motion rule, *see* DUCivR 37-1; Defendant has filed an opposition memorandum on a short form discovery motion far in excess of the 500-word limit required by the court's short form discovery motion rule, *see id.*; and Plaintiff has filed a sur-reply on a motion without leave of court. While the court will consider that irregular briefing in this instance, any future motion practice in this case must adhere strictly to the applicable rules. Counsel for both parties are admonished to read and follow the rules pertaining to short form discovery motions and briefing. Any future briefing filed in violation of any applicable rules will be stricken and not considered by the court.

## ANALYSIS

### I.  Defendant's Expedited Motion to Modify Scheduling Order

In this motion, Defendant seeks a six-month extension of all unexpired deadlines in the schedule governing this case. Plaintiff opposes any extension of those deadlines, except an extension to allow depositions to occur through December 20, 2017.

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotations and citation omitted) (alteration in original).

"Federal Rule of Civil Procedure 16(b) gives district courts wide latitude in entering scheduling orders." *Burks v. Okla. Pub. Co.*, 81 F.3d 975, 978 (10th Cir. 1996). The Tenth Circuit reviews a district court's decision on a motion to modify a scheduling order for abuse of discretion. *See id.*

As is reflected in both parties' written submissions on this motion, the discovery requested and produced to date in this case is substantial. Furthermore, it appears that substantial discovery still remains in this case, as both parties agree that discovery is not fully complete. Indeed, by Plaintiff's own admission, it is still continuing to produce documents. The same holds true for Defendant. Additionally, and again as admitted by Plaintiff, multiple depositions are scheduled to take place after expiration of the current fact discovery deadline.

Even after considering Plaintiff's arguments, the court cannot say that Defendant has not been diligent in satisfying its discovery obligations. The court is likewise unpersuaded by Plaintiff's arguments concerning prejudice resulting from granting Defendant's requested extension of the unexpired deadlines in this case. Accordingly, and given the circumstances described above, the court concludes that good cause exists for granting Defendant's requested extension.

This motion is granted, and the schedule in this case is hereby amended as follows:

| | |
|---|---|
| Fact Discovery Cutoff: | 05/21/2018 |
| Expert Report (party bearing burden of proof): | 06/21/2018 |
| Expert Counter Report: | 07/26/2018 |
| Expert Reply Report: | 08/16/2018 |
| Expert Discovery Cutoff: | 09/07/2018 |
| Dispositive Motions: | 09/14/2018 |
| Trial Readiness: | December 2018 |

**II.     Plaintiff's Short Form Discovery Motions**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

**A.     Short Form Discovery Motion on Request for Production Nos. 41-42**

The court concludes that Plaintiff's arguments concerning these Requests for Production are without merit. As noted by Defendant, its source code from 2009 and 2010 do not have relevance to the claims and defenses asserted in this case. Indeed, it does not appear that any of Plaintiff's claims relate to Defendant's source code. Furthermore, any "security vulnerability" allegations relate to Plaintiff's interfaces, not Defendant's. Accordingly, this motion is denied.

**B.     Short Form Discovery Motion on Defendant's September 29, 2017 Document Production**

In light of the court's decision to extend the unexpired deadlines in this case, including the fact discovery cutoff, the court concludes that this motion must be denied. While the court acknowledges Plaintiff's concerns with Defendant's September 29, 2017 document production, it will not order Defendant to pay Plaintiff's attorney fees and costs to review that production. Instead, Defendant is ordered to review its September 29, 2017 document production and produce to Plaintiff only those documents that are responsive to Plaintiff's discovery requests. Defendant shall do so within thirty (30) days of the date of this order.

**C.      Short Form Discovery Motion on Interrogatory Nos. 34-36**

This motion is granted in part and denied in part. The court concludes that Defendant

must answer these Interrogatories to the extent they seek information about Plaintiff's custom

integrations.  However, to the extent they seek any further information, Defendant is not

obligated to respond.  The court is not persuaded by Plaintiff's arguments that any further or

additional information is relevant in this case.

**D.      Short Form Discovery Motion on Interrogatory Nos. 41-42**

The court agrees with Defendant's arguments concerning these Interrogatories and,

accordingly, this motion is denied.  As drafted, the Interrogatories appear to seek information

that does not exist, as Defendant claims that it cannot artificially dissect market share

information in the manner that Plaintiff has requested.  The court cannot order Defendant to

produce information that does not exist or cannot be compiled.  At the same time, if the

information truly does not exist or cannot be compiled, Defendant must, within thirty (30) days

of the date of this order, provide Plaintiff with a sworn declaration to that effect.  By making

such a declaration, Defendant will not be allowed to use any information at trial that it now

declares does not exist.

**E.      Short Form Discovery Motion on Defendant's Alleged Violation of the
        October 12, 2017 Order**

In this motion, Plaintiff seeks compelled responses to Request for Production No. 12 and

Interrogatory No. 5(h).  Plaintiff contends that Defendant has violated this court's October 12,

2017 order that required Defendant to respond to those discovery requests.  The court disagrees

and, accordingly, this motion is denied.  To the extent that the court's prior order is inconsistent

with this order, this order now governs.

With respect to Request for Production No. 12, Defendant contends that it cannot produce the information sought by Request for Production No. 12 because it cannot disaggregate its financial records in the manner that Plaintiff has requested. The court agrees with Defendant's contention. Again, the court cannot order Defendant to produce information that does not exist or cannot be produced in the manner requested by Plaintiff. Based on Defendant's representations, which the court accepts as being made in good faith, the court concludes that Defendant has responded to Request for Production No. 12 to the best of its ability.

Concerning Interrogatory No. 5(h), Defendant claims that it simply does not have the information that Plaintiff seeks. As noted several times above, the court cannot order Defendant to produce information that does not exist. If the requested information truly does not exist, Defendant must, within thirty (30) days of the date of this order, provide Plaintiff with a sworn declaration to that effect. By making such a declaration, Defendant will not be allowed to use any information at trial that it now declares does not exist.

## CONCLUSION AND ORDER

In summary, and as detailed above, IT IS HEREBY ORDERED:

1.      Defendant's expedited motion to modify the scheduling order[2] is GRANTED.

2.      Plaintiff's short form discovery motion on Request for Production Nos. 41-42[3] is DENIED.

---

[2] *See* docket no. 149.

[3] *See* docket no. 126.

3.      Plaintiff's short form discovery motion on Defendant's September 29, 2017

document production[4] is DENIED.

4.      Plaintiff's short form discovery motion on Interrogatory Nos. 34-36[5] is

GRANTED IN PART and DENIED IN PART.

5.      Plaintiff's short form discovery motion on Interrogatory Nos. 41-42[6] is DENIED.

6.      Plaintiff's short form discovery motion on Defendant's alleged violation of the

October 12, 2017 order[7] is DENIED.

IT IS SO ORDERED.

DATED this 17th day of November, 2017.

                                        BY THE COURT:


                                        _____
                                        PAUL M. WARNER
                                        Chief United States Magistrate Judge

---

[4] *See* docket no. 129.

[5] *See* docket no. 132.

[6] *See* docket no. 133.

[7] *See* docket no. 147.