# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> YARDI SYSTEMS, INC., a California corporation, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:15-cv-00102-CW-PMW <br><br> District Judge Clark Waddoups <br><br> Chief Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Plaintiff Entrata, Inc.'s ("Entrata") short form discovery motion regarding Defendant Yardi Systems, Inc.'s ("Yardi") customer relations database(s);[2] (2) Yardi's short form discovery motion for a protective order regarding Entrata's second Rule 30(b)(6) deposition notice, *see* Fed. R. Civ. P. 30(b)(6);[3] (3) Entrata's short form discovery motion regarding Yardi's claw-backs;[4] and (4) Entrata's short form discovery motion for *in camera* review by a special master.[5] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to Civil Rule 7-1(f) of the

---

[1] *See* docket no. 30.

[2] *See* docket no. 171.

[3] *See* docket no. 191.

[4] *See* docket no. 192.

[5] *See* docket no. 193.

Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

**ANALYSIS**

Before addressing the above-referenced motions, the court sets forth the following general legal standards governing discovery.  Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id*.  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

I.     **Entrata's Motion Regarding Yardi's Customer Relations Database(s)**

Entrata moves the court for an order requiring Yardi to produce all data from its client relations management database ("yCRM") that is responsive to Entrata's requests for production. Entrata correctly claims that Yardi does not dispute the relevance of the yCRM data.  Entrata futher contends that by refusing to produce the yCRM data, Yardi has failed to comply with its obligations under Rule 34 because that rule requires production of responsive yCRM data.  *See* Fed. R. Civ. P. 34.  In response, Yardi argues that it has compiled reports and other documents from the yCRM data and provided them to Entrata, which, according to Yardi, satisfies its obligations under Rule 34 with respect to Entrata's requests for production.

2

For the following reasons, the court concludes that Yardi's arguments are without merit. First, Yardi has failed to demonstrate that the yCRM data is not discoverable under Rule 26(b)(1). Yardi does not dispute the relevance of the yCRM data. *See* Fed. R. Civ. P. 26(b)(1). Additionally, Yardi has not presented any arguments concerning the limiting factors contained in Rule 26(b)(1). Yardi has not argued that production of the yCRM data is disproportional to the needs of the case, unduly burdensome, or unduly expensive. *See* Fed. R. Civ. P. 26(b)(1).

Second, the court has determined that the yCRM data must be produced pursuant to Rule 34 to the extent any such data is responsive to Entrata's requests for production. Importantly, Yardi's position is directly contradicted by Rule 34 and Rule 34's Advisory Committee Notes. Rule 34 specifically allows for discovery of "any designated documents or electronically stored information," including "other data or data compilations." Fed. R. Civ. P. 34(a)(1)(A). Moreover, the 2006 Advisory Committee Notes for Rule 34 state that

> it has become increasingly difficult to say that all forms of electronically stored information, many dynamic in nature, fit within the traditional concept of a "document." Electronically stored information may exist in dynamic databases and other forms far different from fixed expression on paper. Rule 34(a) is amended to confirm that discovery of electronically stored information stands on equal footing with discovery of paper documents.

Fed. R. Civ. P. 34 2006 Advisory Committee Notes. Those authorities make clear that the yCRM data must be produced to the extent any such data is responsive to Entrata's requests for production.

For those reasons, this motion is granted. Yardi shall produce any yCRM data that is responsive to Entrata's requests for production within fourteen (14) days of the date of this order.

Although the court has granted Entrata's motion, the court will not grant Entrata's request for an award of reasonable expenses incurred in connection with this motion because the court cannot say that Yardi's position was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Furthermore, the court does not believe such an award is justified under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

## II. Yardi's Motion Regarding Entrata's Second Rule 30(b)(6) Deposition Notice

Yardi moves the court for a protective order regarding Entrata's second Rule 30(b)(6) deposition notice. The deposition notice in question sought to take the Rule 30(b)(6) deposition of Yardi on March 30, 2018. Yardi seeks an order permanently staying the March 30, 2018 deposition and confirming that the deposition of Yardi's Rule 30(b)(6) deposition would proceed on April 17-18, 2018. As of the date of this order, those dates have passed, and it is the court's understanding that the deposition in question has already taken place, as the court held a telephonic conference to resolve a dispute during that deposition on April 18, 2018.[6] Accordingly, the court concludes that this motion is now moot. If the court's understanding is incorrect, Yardi may renew its motion. Given that Yardi's motion was neither granted nor denied, its request for an award of reasonable expenses incurred in connection with its motion is denied. *See* Fed. R. Civ. P. 37(a)(5).

## III. Entrata's Motion Regarding Yardi's Claw-Backs

Entrata moves the court for an order compelling production of 149 documents that Yardi initially produced, but later clawed back as privileged pursuant to the stipulated protective

---

[6] *See* docket no. 211.

4

entered in this case.[7] Entrata claims that Yardi's disclosure of the documents was not inadvertent or unintentional, which is a requirement for being able to claw back documents under the stipulated protective order. Entrata further argues that Yardi did not claw back the documents within a reasonable time after determining that the documents should not have been produced, which is another requirement for being able to claw back documents under the stipulated protective order. Finally, Entrata contends that if the court determines that Yardi's claw-backs were proper, either the court or a special master should conduct an *in camera* review of the documents to determine if they are indeed privileged.

The court concludes that Entrata's arguments are without merit. The court is not persuaded that Yardi's production of the documents was not inadvertent or unintentional. To the contrary, given the number of documents Yardi was required to review, the court is persuaded that the production was inadvertent or unintentional. The court is also not persuaded that Yardi did not claw back the documents in a reasonable amount of time. While Entrata obviously takes issue with the number of days that Yardi waited to claw back the documents, the court cannot say, and Entrata has failed to demonstrate, that Yardi did not act within a reasonable time after discovering that the documents were inadvertently or unintentionally produced. With respect to *in camera* review of the documents by this court or by a special master, Entrata has failed to persuade the court that such a review is either necessary or appropriate under the circumstances. For those reasons, this motion is denied. Because the motion is denied, it logically follows that Entrata's request for an award of reasonable expenses is likewise denied. *See* Fed. R. Civ. P. 37(a)(5).

---

[7] *See* docket no. 32.

## IV. Entrata's Motion for In Camera Review by Special Master

Entrata moves the court for an order requiring *in camera* review by a special master of all of the documents listed on Yardi's privilege log. Entrata makes broad-based arguments that Yardi has allegedly withheld thousands of documents on improper bases. In support of those arguments, Entrata points to one allegedly offending e-mail, examples of documents that have allegedly been improperly withheld, and the large number of entries on Yardi's privilege log.

The court concludes that Entrata's sweeping arguments do not justify ordering an *in camera* review by a special master. *See, e.g.*, *Calder v. Blitz U.S.A., Inc.*, No. 2:07CV-387-TC-PMW, 2010 WL 924261, at *1-2 (D. Utah Mar. 11, 2010) (concluding that broad-based arguments are insufficient to support a request for *in camera* review). Moreover, given Entrata's admission that Yardi has now apparently produced the very documents that form the basis for Entrata's complaints, the court does not believe that an *in camera* review by a special master is either necessary or appropriate. For those reasons, this motion is denied.

## CONCLUSION AND ORDER

In summary, and as detailed above, IT IS HEREBY ORDERED:

1. Entrata's short form discovery motion regarding Yardi's customer relations database(s)[8] is GRANTED. Yardi shall produce any yCRM data that is responsive to Entrata's requests for production within fourteen (14) days of the date of this order.

---

[8] *See* docket no. 171.

2. Yardi's short form discovery motion for a protective order regarding Entrata's second Rule 30(b)(6) deposition notice[9] is MOOT.

3. Entrata's short form discovery motion regarding Yardi's claw-backs[10] is DENIED.

4. Entrata's short form discovery motion for *in camera* review by a special master[11] is DENIED.

IT IS SO ORDERED.

DATED this 4th day of May, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[9] *See* docket no. 191.

[10] *See* docket no. 192.

[11] *See* docket no. 193.