# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **ENTRATA, INC., a Delaware corporation,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| v. | **Case No. 2:15-cv-00102-CW-PMW** |
| **YARDI SYSTEMS, INC., a California corporation,** | **District Judge Clark Waddoups** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

District Judge Clark Waddoups referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Plaintiff Entrata, Inc.'s ("Entrata") short form discovery motion for a protective order regarding the deposition of Preetam Yadav ("Mr. Yadav");[2] (2) Entrata's short form discovery motion for a protective order regarding the deposition of David Bateman ("Mr. Bateman");[3] (3) Entrata's short form discovery motion for a protective order regarding the depositions of William Chaney ("Mr. Chaney") and Greg Lozinak ("Mr. Lozinak");[4] (4) Defendant Yardi System, Inc.'s ("Yardi") short form discovery motion to claw back Exhibit 473 and strike portions of a deposition transcript;[5] and (5)

---

[1] *See* docket no. 30.

[2] *See* docket no. 213.

[3] *See* docket no. 214.

[4] *See* docket no. 229.

[5] *See* docket no. 237.

Yardi's short form discovery motion to compel production of technology assisted review

("TAR") information from Entrata.[6] The court has carefully reviewed the written memoranda

submitted by the parties. Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United

States District Court for the District of Utah, the court has concluded that oral argument is not

necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR

7-1(f).

## **ANALYSIS**

Before addressing the above-referenced motions, the court sets forth the following

general legal standards governing discovery. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter
> that is relevant to any party's claim or defense and proportional to
> the needs of the case, considering the importance of the issues at
> stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its
> likely benefit. Information within this scope of discovery need not
> be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The district court has broad discretion over the control of discovery,

and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."

*Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010)

(quotations and citations omitted).

**I.      Entrata's Motion for a Protective Order Regarding the Deposition of Mr. Yadav**

Entrata seeks a protective order barring the deposition of Mr. Yadav. Entrata maintains

that it is overly burdensome and expensive to require Mr. Yadav to travel overseas from India for

---

[6] *See* docket no. 241.

a deposition. Entrata also asserts that Yardi has not articulated any need for his testimony or identified any topics upon which Yardi believes Mr. Yadav is more knowledgeable than other Entrata deponents. Entrata further argues that Yardi is seeking to depose Mr. Yadav to "backdoor" discovery in separate case pending between the parties in the Central District of California ("California Case").

For the following reasons, the court concludes that Entrata's arguments fail. First, the court is unpersuaded that requiring Mr. Yadav to travel from India for a deposition constitutes an undue burden or expense, considering the likely benefit from allowing the deposition to go forward. While the court recognizes that it may be costly for Mr. Yadav to travel overseas, the court concludes that the costs are proportional to the needs of this case, considering the amount in controversy and the parties' resources. Second, in Yardi's opposition to Entrata's motion, it has articulated an adequate and reasonable need for Mr. Yadav's deposition. Finally, as the court has stated before, it will not entertain allegations about what may or may not be occurring relative to the California Case. Instead, the court is focused on the parties' actions in this case.

Accordingly, this motion is denied. Within thirty (30) days after the date of this order, Entrata shall produce Mr. Yadav for a deposition at a mutually agreeable date and time.

## II. Entrata's Motion for a Protective Order Regarding the Deposition of Mr. Bateman

Entrata seeks a protective order barring the deposition of Mr. Bateman, who is the CEO of Entrata. Entrata argues that Mr. Bateman possesses no unique, relevant information to this case. Entrata also asserts, again, that Yardi is attempting to depose Mr. Bateman in an attempt to "backdoor" discovery in the California Case.

For the following reasons, the court concludes that Entrata's arguments are without merit. First, the court is unpersuaded that Mr. Bateman, as Entrata's CEO, possesses no unique, relevant information to this case. Quite the contrary, the court concludes that Yardi has articulated an adequate and reasonable need for Mr. Bateman's deposition. Second, Entrata has failed to demonstrate, or even argue, that Mr. Bateman's deposition is disproportional to the needs of this case or imposes an undue burden or expense. Finally, as noted above, any arguments concerning the California Case are simply not relevant here.

Accordingly, this motion is denied. Within thirty (30) days after the date of this order, Entrata shall produce Mr. Bateman for a deposition at a mutually agreeable date and time.

## III. Entrata's Motion for a Protective Order Regarding the Depositions of Mr. Chaney and Mr. Lozinak

Entrata seeks a protective order barring the depositions of Mr. Chaney and Mr. Lozinak. Entrata maintains that Yardi waited until near the end of fact discovery to announce its intention to take the depositions of Mr. Chaney and Mr. Lozinak, which according to Entrata, makes the depositions "untimely." Entrata also asserts that Yardi did not provide sufficient notice to Entrata concerning the depositions. Entrata further contends that Yardi has not demonstrated a need for the depositions of Mr. Chaney and Mr. Lozinak. Finally, Entrata argues that allowing the depositions of Mr. Chaney and Mr. Lozinak to go forward after the close of fact discovery would impose substantial prejudice upon Entrata.

The court concludes that all of Entrata's arguments fail. While it may have been more convenient to Entrata for Yardi to announce at an earlier date its intention to take the depositions of Mr. Chaney and Mr. Lozinak, the court cannot say, under the circumstances of this case, that the depositions are, as Entrata asserts, "untimely." With respect to the notice given to Entrata,

that issue has now been overcome by events.  Entrata now has more than sufficient notice of the depositions of Mr. Chaney and Mr. Lozinak.  As for the need for the depositions, the court concludes that Yardi has articulated an adequate and reasonable need for taking the depositions of Mr. Chaney and Mr. Lozinak.  Finally, while allowing the depositions of Mr. Chaney and Mr. Lozinak to go forward may be inconvenient for Entrata, the court is not persuaded that allowing the depositions to go forward would impose substantial prejudice upon Entrata.

For those reasons, this motion is denied.  Within thirty (30) days after the date of this order, Entrata shall produce Mr. Chaney and Mr. Lozinak for depositions.  The parties are directed to schedule each deposition at a mutually agreeable date and time.

IV. **Yardi's Motion to Claw Back Exhibit 473 and Strike Portions of a Deposition Transcript**

Yardi seeks a court order allowing it to claw back Exhibit 473 and strike from Anant Yardi's deposition all references to, and questions and answers regarding, Exhibit 473.  Yardi argues that Exhibit 473 is attorney-client privileged and constitutes attorney work product.  Therefore, Yardi argues, it should be allowed to claw back Exhibit 473, which Yardi claims was produced to Entrata unintentionally.

The court concludes that Yardi's arguments are without merit.  After carefully reviewing Exhibit 473, the court concludes that it does not constitute an attorney-client privileged communication.  As Yardi has indicated, Exhibit 473 is a draft letter showing edits made by Arnold Brier ("Mr. Brier"), Yardi's Vice President and General Counsel.  The mere fact that Mr. Brier was involved with Exhibit 473 does not automatically render it subject to attorney-client privilege protection.  *See In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010).  Furthermore, documents prepared to be sent to third parties, like Exhibit 473, even when

prepared by counsel, are generally not attorney-client privileged. *See In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2017 WL 1106257, at *7 (D. Kan. Mar. 24, 2017). Finally, the court concludes that the types of edits made by Mr. Brier constitute nothing more than simple editorial changes, which do not qualify for attorney-client privilege protection. *See id*. ("[T]he attorney-client privilege does not attach to simple editing or 'word-smithing' by counsel.").

The court also concludes that Exhibit 473 does not qualify as attorney work product. Yardi makes bald, unsupported claims that Exhibit 473 is entitled to work product protection, but Yardi has failed to persuade the court that Exhibit 473 was prepared "in anticipation of litigation." *See* Fed. R. Civ. P. 26(b)(3)(A).

For those reasons, the court concludes that Yardi is not entitled to claw back Exhibit 473. It logically follows that the court will not strike from Anant Yardi's deposition all references to, and questions and answers regarding, Exhibit 473. Accordingly, this motion is denied.

**V.     Yardi's Motion to Compel Production of TAR Information**

In this motion, which was filed on the last day of fact discovery, Yardi seeks a court order compelling Entrata to produce the complete methodology and results of Entrata's TAR process. In support of its motion, Yardi makes the bald assertion that it needs Entrata's TAR information in order to assess the adequacy of Entrata's document production, as well as Entrata's document collection and review efforts.

Notably, Yardi has not provided any specific examples of deficiencies in Entrata's document production or any specific reason why it questions the adequacy of Entrata's document collection and review. Without more detailed reasons why production of Entrata's TAR

information is needed, the court is unwilling to order Entrata to produce such information. Furthermore, it is not lost on the court that Yardi waited until the last day of fact discovery to file this motion. In the court's view, if Yardi had specific concerns about Entrata's TAR process, it should have sought court intervention long ago. For those reasons, this motion is denied.

## **CONCLUSION AND ORDER**

In summary, and as detailed above, IT IS HEREBY ORDERED:

1. Entrata's short form discovery motion for a protective order regarding the deposition of Mr. Yadav[7] is DENIED. Within thirty (30) days after the date of this order, Entrata shall produce Mr. Yadav for a deposition at a mutually agreeable date and time.

2. Entrata's short form discovery motion for a protective order regarding the deposition of Mr. Bateman[8] is DENIED. Within thirty (30) days after the date of this order, Entrata shall produce Mr. Bateman for a deposition at a mutually agreeable date and time.

3. Entrata's short form discovery motion for a protective order regarding the depositions of Mr. Chaney and Mr. Lozinak[9] is DENIED. Within thirty (30) days after the date of this order, Entrata shall produce Mr. Chaney and Mr. Lozinak for depositions. The parties are directed to schedule each deposition at a mutually agreeable date and time.

---

[7] *See* docket no. 213.

[8] *See* docket no. 214.

[9] *See* docket no. 229.

4. Yardi's short form discovery motion to claw back Exhibit 473 and strike portions of a deposition transcript[10] is DENIED.

5. Yardi's short form discovery motion to compel production of TAR information from Entrata[11] is DENIED.

IT IS SO ORDERED.

DATED this 20th day of June, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[10] *See* docket no. 237.

[11] *See* docket no. 241.