# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>    Plaintiff,<br>  v.<br><br>YARDI SYSTEMS, INC., a California corporation<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING ENTRATA'S MOTION FOR SPECIAL MASTER<br><br>Case No. 2:15-cv-00102<br><br>Judge Clark Waddoups |

The court has carefully reviewed the privilege log that Yardi provided and certain selected documents provided to verify the legitimacy of the claimed attorney-client privilege. For the reasons that follow, the court orders *in camera* review by a special master of all documents Yardi continues to withhold or redact as privileged. Yardi may reduce the number of documents to be reviewed by withdrawing documents for which the privilege is claimed based on the guidance provided in this decision. As stated hereafter, Yardi will bear the cost of the review by the special master.

## I.  Background

On March 22, 2018, Entrata filed its Motion for special master. (ECF No. 193.) In this Motion, Entrata argued that "Yardi's conduct requires immediate *in camera* review by a special master of the documents Yardi continues to withhold or redact to determine whether Yardi can meet its burden of proving its privilege claims." (ECF No. 193 at 3.) On March 29, 2018, Yardi filed its Opposition to this Motion. (ECF No. 205 at 2.) In this Opposition, Yardi argued that "special master review is neither required nor justified . . . ." (ECF No. 205 at 3.) Alternatively, Yardi argued that "if the Court elects to appoint a special master, the appointment should require review of *all documents on both parties' privilege logs*, and application of the same standard

upon Entrata that it seeks to impose on Yardi." (ECF No. 205 at 3-4 (emphasis in original).)

Yardi did not cite any legal authority to justify this request. (*See* ECF No. 205 at 3-4.)

On May 4, 2018, the Magistrate Court entered an order denying Entrata's Motion. (ECF No. 212.) On May 18, 2018, Entrata filed a Rule 72(a) Objection to the Magistrate's decision. (ECF No. 233.) In this objection, Entrata noted that it had previously "offered a qualified and available special master candidate, Matthew Lalli, at Snell and Wilmer." (ECF No. 233 at 6 n. 1.) On June 15, 2018, Yardi filed its Opposition to this Objection. (ECF No. 282.) In this Opposition, Yardi did not renew its request that the special master review all documents on both parties' privilege logs. (*See* ECF No. 282 at 1-12.) On June 21, 2018, Entrata filed its Reply Brief in Support of its Rule 72(a) Objection. (ECF No. 289.)

On July 20, 2018, the court entered a Sealed Order Granting, in part, Entrata's Rule 72(a) Objection. (ECF No. 323.) The court ordered Entrata to "select <u>twenty</u> documents on Yardi's privilege log," and further ordered Yardi to produce these documents for the court's *in camera* review. (ECF No. 323 at 10.) The court held that if it determined that "any of the documents are not privileged," that it would consider "granting Entrata's motion for *in camera* review by a special master." (ECF No. 323 at 10.)

On July 31, 2018, Entrata filed its Notice of Compliance with the court's order. (ECF No. 325.) In this Notice, Entrata selected twenty documents "listed on Yardi's privilege log for Yardi to produce for *in camera* review." (ECF No. 325 at 2.) On August 2, 2018, the court received from Yardi the twenty documents selected by Entrata. Yardi also submitted a letter with the documents. In this letter, Yardi renewed its request that if the court elects to appoint a special master, that the appointment require review of all documents on both parties' privilege logs. On August 3, 2018, the court received a letter from Entrata. In this letter, Entrata objected to Yardi's

request for *in camera* review of Entrata's documents.

## II. Analysis

For each of the twenty documents at issue, Yardi has invoked attorney-client privilege. The court previously stated that federal privilege law applies when determining whether or not Yardi has appropriately invoked attorney-client privilege. (*See* ECF No. 323 at 7 ("This would have required the Magistrate Court to consider the Tenth Circuit's law relating to attorney-client privilege.").) Upon further review, as explained below, the court notes that in the Tenth Circuit, the state of the law on this issue is uncertain. Regardless, Yardi has not appropriately invoked the privilege under either federal law or state law.

Typically, in federal courts, federal common law governs the existence of privilege, unless state law supplies the rule of decision as to an element of the claim or defense. Fed. R. Evid. 501. The Advisory Committee Notes to Rule 501 provide that in nondiversity cases such as this, the federal law of privilege applies.[1] *See* Fed.R.Evid. 501 Committee Note ("It is also intended that the federal law of privilege should be applied with respect to pendent [supplemental] state claims when they arise in a federal question case."). "Where a privilege is asserted for evidence relevant both to federal and pendent state-law claims, most circuit courts have either held that federal privilege law governs or approved of such an approach without explicitly adopting it." *Vondrak v. City of Las Cruces*, 760 F. Supp. 2d 1170, 1176 (D.N.M. 2009) (citation omitted). But "[t]he United States Court of Appeals for the Tenth Circuit has differed from the other circuit courts to the extent that it has held that, where there are federal

---

[1] This case arises under federal law. (*See* Am. Compl. ¶ 3, ECF No. 55 at 2 ("This civil action . . . arises under the laws of the United States . . . ."; "The above-entitled Court has jurisdiction over the subject matter of the federal law claims for relief in the Action pursuant to 28 U.S.C. § 1331 . . . and supplemental jurisdiction over the Utah state law claims for relief pursuant to 28 U.S.C. § 1367.").)

and state law claims, 'as to state causes of action, a federal court should look to state law in deciding privilege questions.'" *Id.* (quoting *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir. 1995)). But, it appears that the "Tenth Circuit has not confronted the issue" of which law applies "where evidence allegedly subject to a privilege is relevant to both the federal and state-law claims in the case." *Id.* "[R]egardless of whether federal or [Utah] privilege law applies," *Yater v. Powderhorn Ski Co. LLC*, No. 17-CV-01298-LTB-NYW, 2018 WL 776361, at *6 (D. Colo. Feb. 8, 2018) a review of the twenty documents at issue reveals that Yardi has inappropriately invoked attorney-client privilege.

Under Utah law, "to rely on the attorney-client privilege, a party must establish: (1) an attorney-client relationship, (2) the transfer of confidential information, and (3) the purpose of the transfer was to obtain legal advice." *S. Utah Wilderness All. v. Automated Geographic Reference Ctr., Div. of Info. Tech.*, 200 P.3d 643, 655 (Utah 2008). Importantly, under Utah law "the mere existence of an attorney-client relationship does not ipso facto make all communications between them confidential." *Id*; *see* Utah Rule of Evidence 504.

Similarly, in the Tenth Circuit, "[t]he attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (internal quotation marks omitted) (citation omitted). "[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege.'" *Id.* (quoting *Motley v. Marathon Oil Co.,* 71 F.3d 1547, 1550–51 (10th Cir.1995)). Rather, the "communication between a lawyer and client must relate to legal advice or strategy sought by the client." *Id.* (internal quotation marks omitted) (citation omitted). "In a corporate setting, a party may successfully demonstrate applicability of the

privilege to written communication between corporate and management employees by establishing that the communication was made in confidence for the primary purpose of obtaining legal advice." *Chevron Pipe Line Co. v. Pacificorp*, No. 2:12-CV-287-TC-BCW, 2016 WL 10520301, at *3 (D. Utah Feb. 22, 2016) (internal quotation marks omitted) (citation omitted). But documents "are not protected if they relate to . . . general business . . . matters." *Id*. Indeed, "for a communication between non-attorney employees to be held privileged, it must be apparent that the communication from one employee to another was for the purpose of the second employee transmitting the information to counsel for advice or the document itself must reflect the requests and directions of counsel." *Id*.

Thus, under both Utah law and federal law, to rely on the attorney-client privilege, a party must establish that the communication between a lawyer and client relates to legal advice or strategy. The court has carefully reviewed the twenty documents Yardi produced. Of the twenty documents, under either Utah law or federal law, the court concludes that at least eighteen do not support the privilege asserted. For example, Yardi's "privilege description" for Entrata Document No. 1—a redacted document—provides that the redacted portion of that document is an "[e]mail communication seeking legal advice regarding potential litigation." The content of the document does not support the assertion. The redacted portion of that document does not seek legal advice. Similarly, the "privilege description" for Entrata Document No. 8— also a redacted document—provides that the redacted portion of that document is an "[e]mail communication seeking legal advice regarding client technical support related issues." But an examination of the redacted portion of that email reveals that there is no request for legal advice. Entrata Document No. 14 also does not support the privilege asserted. The "privilege description" for this document provides that it is an "[e]mail communication reflecting legal

advice from counsel regarding client technical support related issues." But the redacted portion of these emails relate to business or technical matters—not legal advice.

The court also notes that some of the twenty documents appear to be marked as privileged for no other reason than the fact that Arnold Brier (or other corporate counsel) are recipients of the email or are "CCed" on the email. For example, the "privilege description" for Entrata Document No. 16—an email in which Arnold Brier is "CCed"—provides that it is an "[e]mail communication seeking legal advice regarding Property Solutions." But nowhere in the email does anyone seek any legal advice. The court previously noted that there was evidence that "Yardi copied in-house-counsel on non-privileged communications as a tactic to avoid having the emails discovered." (ECF No. 323 at 8.) Entrata Document No. 16 is further evidence of Yardi's tactic. "[T]he mere fact that an attorney was ["CCed"] in [an email] does not . . . render the communication subject to the attorney-client privilege." *See In re Grand Jury Proceedings*, 616 F.3d at 1182. Entrata Document No. 16 should not have been withheld on the basis of attorney-client privilege.

There is therefore more than a reasonable basis to believe that information in the documents that Yardi continues to withhold or redact in fact is not privileged.

### III.    Conclusion

The court orders *in camera* review by a special master of all documents Yardi continues to withhold or redact as privileged. Because the court has concluded that Yardi has withheld documents that are not actually privileged, Yardi shall pay for the cost of this review. Yardi's request to have the special master review Entrata's privilege log is DENIED because Yardi has not come forward with a basis to justify that request.

The court instructs Entrata to propose a special master to review the documents Yardi

continues to withhold or redact as privileged. The special master shall apply the law as set forth in this decision and additional federal and state law as appropriate. Upon approval from this court, the special master may begin immediate *in camera* review.

DATED this 30th day of August, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge