IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Entrata, Inc. a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>Yardi Systems, Inc., a California Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART ENTRATA'S EMERGENCY MOTION AND DENYING YARDI'S MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:15-cv-102 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A).[1] Pending before the undersigned are three motions: (1) Plaintiff Entrata, Inc.'s Emergency Motion for Short Form Discovery;[2] (2) Defendant Yardi Systems, Inc.'s Motion for Protective order;[3] and (3) Defendant Yardi's Motion to Compel Testimony of David Bateman.[4] The court addresses the first two motions below and addresses the sealed motion in a separate order.[5]

Briefly, this case involves a bitter dispute between two software and technology companies, Entrata and Yardi. Each "sells various competing property management software products."[6] These software products allow "owners and managers of multiple rental and lease units to better manage their rental properties by offering functionality to perform accounting and management tasks …."[7] Entrata claims Yardi has engaged in a pattern of unfair, unlawful and

---

[1] ECF No. 324.

[2] ECF No. 248.

[3] ECF No. 300.

[4] ECF No. 338.

[5] The court heard argument on all these motions near the end of September. ECF No. 367.

[6] Amended Complaint ¶ 6, ECF No. 55.

[7] *Id.*

anti-competitive actions against it and other competitors. The current dispute centers on discovery issues, which have been very prevalent throughout the history of this case.[8] In fact, a special master, Matthew Lalli, has now been appointed by the court to assist in the discovery process.[9]

Before turning to the respective motions, the court notes the standards for discovery set forth in the Federal Rules. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[10]

## I. Emergency Motion for Short Form Discovery for Urgent Relief Re Violation of Court Order

On May 4, 2018, Magistrate Judge Warner granted Entrata's motion for an order requiring Yardi "to produce all data from its client relations management database (yCRM) that is responsive to Entrata's requests for production."[11] The order stated "Yardi shall produce any yCRM data that is responsive to Entrata's requests for production within fourteen (14) days of the date of this order."[12] Yardi claims it complied with that order. Entrata, however, contends there is still missing information. Specifically, Entrata seeks the immediate production of "all

---

[8] For example, see the variety of discovery orders entered by Magistrate Judge Warner. ECF No. 130, ECF No. 162, ECF No. 199, ECF No. 210, ECF No. 212, ECF No. 254 and ECF No. 287.

[9] *See* Memorandum Decision and Order Granting Entrata's Motion for Special Master, ECF No. 348; Order Appointing Special Master, ECF No. 364. Entrata seeks review of at least 4,826 documents via the special master.

[10] Fed. R. Civ. P. 26(b)(1); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion.") (quotations and citations omitted).

[11] Memorandum Decision and Order dated May 3, 2018, p. 2, ECF No. 212.

[12] *Id*. at p. 3.

responsive data, including explaining all the fields in yCRM and how [Yardi] selected the data it produced."[13] And, the specific identification of data by file names, fields, columns and rows that is responsive to each document request within the prior court-ordered production. Finally, Entrata seeks an award of fees and costs for bringing the motion.

Given Magistrate Judge Warner's rejection of Yardi's arguments against production of the yCRM data, the question now before the undersigned is whether Yardi complied with the prior order? Based on the materials before the court, and the arguments made during oral argument, the court is persuaded that Yardi has failed to fully comply with Magistrate Judge Warner's order. For example, at oral argument, Entrata cited to a lack of unit count data, the missing data from approximately 360 companies and a lack of product usage data. The yCRM data is contained within a large database that has variety of information, including information Yardi claims is not responsive to Entrata's requests. Such commingling of responsive and non-responsive data does not justify Yardi's failure to provide all court-ordered data. Further, differences between the Top Companies Report, which is a spread sheet, and the yCRM, which is a database do not justify noncompliance.

Concerns with the production of electronic discovery is not a novel issue in the Federal Courts. For example, in *Bergersen v. Shelter Mutual Insurance Company*,[14] the court discussed difficulties that may be encountered when producing documents electronically. The court noted that when hard-copy documents are scanned onto a CD for production, "a receiving party may not be able to determine which specific images comprise a single document or attachments to a document since there are no staples which bind together the scanned images as they would hard

---

[13] Mtn. p. 3.

[14] No. 05–1044–JTM–DWB, 2006 WL 334675 (D.Kan. Feb. 14, 2006).

copies in a file."[15] Some courts, when faced with electronic discovery problems, have required the producing party "to label, organize or index documents being produced, if doing so is necessary to make the documents usable by the requesting party."[16] At other times, the parties themselves have reached agreements regarding a procedure to make electronic discovery usable.[17]

Similarly, the court in *In re: Thomas Consolidated Industries, Inc.*,[18] pointed to the problems with the plaintiff's discovery production. The plaintiff responded to document requests by making available for inspection several file cabinets containing documents. The plaintiff failed to identify which documents were responsive to each document request and the court held such a response was inadequate. The court noted that while the federal rules allow a party to produce documents as they are kept in the ordinary course of business, the plaintiff remained "obligated to sort through the documents himself and then produce only those responsive to the documents requests.... It was insufficient for the plaintiff merely to provide defendants access to sort through plaintiff's documents in search of documents responsive to their document requests."[19]

The court finds the reasoning of these cases persuasive to the instant matter. Yardi may produce the yCRM data as it is kept in the ordinary course of business, but Yardi has a duty under the Federal Rules to sort through and produce the data ordered in the prior court order. In addition, Yardi must provide some sort of a framework for what is produced. Yardi cannot merely perform a document dump and expect to meet its discovery obligations.

---

[15] *Id.* at 2.

[16] *Id.*

[17] *Id.*

[18] No. 04 CV 6185, 2005 WL 3776322 (N.D.Ill. May 19, 2005).

[19] *Id.* at *8.

Accordingly, the court orders Yardi to produce all responsive data as set forth in the court-ordered production, including explaining the fields in the yCRM and how it selected such data. Further, Yardi is to specifically identify the data by file name, field, column and row that is responsive to the court-ordered production. Essentially Yardi is ordered to produce a road map to make the yCRM data usable by Entrata and Entrata's experts. The court is also persuaded that the filing of signed declarations will aide in resolving this dispute.[20] Yardi is ordered to file one or more signed declarations, within thirty (30) days from the date of this order, from individuals regarding the court-ordered production certifying that it is complete. These declarations are to include background into the methodology for the production and at least some are to come from individuals who are familiar with the yCRM database, such as Yardi employees, and not just attorneys. Finally, as set forth below, the court will order a 30(b)(6) deposition where Entrata may ask questions regarding the yCRM data, its production, methodology and questions regarding missing data following the production of any additional yCRM data by Yardi.

## II.     Motion for a Protective Order

Defendant Yardi seeks to enjoin Entrata from proceeding with its alleged improper third 30(b)(6) deposition notice. This notice was served on June 26, 2018. Fact discovery closed on May 21, 2018 and Yardi asserts "the parties' recent stipulation to extend certain discovery deadlines did not extend that cutoff."[21] Yardi argues Entrata agreed not to reopen depositions following the yCRM production. Further, Entrata rejected Yardi's May 4, 2018, proposal to postpone the then calendared depositions until after the May 18, 2018, yCRM data production.

---

[20] *See e.g., Lee v. Max Int'l, LLC.*, No. 2:09 CV 175, 2009 WL 10690013, *2 (D. Utah Oct. 2, 2009) (ordering the party to "certify through the filing of an affidavit, that it has provided all the requested [discovery]"). The court will order the filing of signed declarations in this matter rather than affidavits, but the effect of helping this matter move toward resolution should be the same.

[21] Mtn. p. 2, ECF No. 300.

Thus, Entrata waived its right to depose anyone about the yCRM data and the third notice is procedurally improper due to its timing. Additionally, Yardi argues the topics Entrata proposes in its third notice, are similar to those in its original 30(b)(6) notice, making the third notice duplicative and unnecessary. Finally, Yardi seeks $2,475 for the fees and costs in bringing the motion. The court is not persuaded by these arguments.

First, according to Yardi, the yCRM data was produced on Friday May 18, 2018, and fact discovery closed three days later, on Monday May 21, 2018. This three-day window, with two days being over the weekend, made scheduling a deposition about the yCRM data nearly impossible. Delays in producing discovery until the end of the fact discovery have been cited to as a basis for reopening depositions. For example, in *Lauck v. Campbell Cnty.*,[22] cited to by Entrata, the court looked to the Tenth Circuit's factors in considering whether the plaintiff's alleged violation of the discovery disclosure rules was justified or harmless.[23] The *Lauck* court found the late production of discovery prejudicial, although not willful, and allowed the defendants an opportunity to reopen the plaintiff's deposition at plaintiff's expense, to cure that prejudice.[24]

Here, similar reasoning applies. Crucial discovery was produced near the end of the fact discovery cutoff and its late production creates prejudice for Entrata. The court is not persuaded that Yardi's actions were so egregious as to have been willful or done in bad faith, especially since the court ordered the production of responsive yCRM data on Friday May 4, 2018, but the

---

[22] No. 08 CV 253 J, 2009 WL 10695061 (D.Wyo. Aug. 31, 2009).

[23] *See id.* *2; *see also Woodworker's Supply Inc. V. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (setting forth factors to guide a court's determination of whether a Rule 26(a) violation is justified or harmless). The factors include "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply*, 170 F.2d at 993).

[24] *Id.*

timing did still harm Entrata. The late production supports opening discovery to allow the deposition to proceed and it also undermines Yardi's arguments regarding duplicity in the deposition notices.

Next, much of this dispute is centered around differing interpretations of an email and conversations between counsel. After the court ordered production of yCRM data counsel for the parties exchanged emails. Entrata's counsel agreed not to re-depose certain witnesses writing "As discussed a moment ago, we will agree not to seek to re-depose any of the witnesses identified in your email of this evening based on the production of yCRM data in response to the Court's Order of today."[25] Yardi represents this agreement meant no witnesses could testify regarding the production of yCRM data. The record does not support Yardi's interpretation of the agreement. The witnesses identified by Yardi in the prior email did not include everyone. Rather, it included certain individuals, which Yardi proposed to take "off-calendar" pending the production of the yCRM data.[26] Thus, this argument fails.

Finally, the court finds no merit in Yardi's argument that Entrata somehow waived its right to depose anyone about the yCRM data by its actions. The court agrees that Entrata could have postponed a deposition to inquire about the yCRM data. It is unclear from the record, however, that the proper individual to give testimony about the yCRM data was any individual included within Yardi's off-calendar proposal.

Accordingly, Yardi's motion is denied.

---

[25] Decl. of David Cross in Support of Entrata's response to Yardi's Short Form Motion p. 3, ECF No. 311.

[26] These included, Brady Bustany, Gordon Morrell, Becky Sanvictores, Anant Yardi, Arnold Brier, Deborah Brown, and Sam McCabe.

### III. Other Considerations

The conduct of the parties in this matter,[27] in the court's opinion, warrants that neither party be awarded costs and fees. It is clear from the history of this case that the parties are doing little to "secure the just, speedy and inexpensive determination of [their dispute]."[28] Entrata could have proactively sought an agreement to postpone a 30(b)(6) witness to testify about the yCRM data and Yardi seeks to use deadlines and delay as a sword in furtherance of its objectives. The lack of cooperation among the parties in this case is deplorable and discredits the value of the discovery process.[29] Thus, the undersigned will not grant either party costs and fees.

---

[27] *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568, 2000 CJ C.A.R. 2625, 2000 WL 525950 (10th Cir. 2000) ("the court is permitted to take judicial notice of its own files and records"), *abrogated by McGregor v. Gibson*, 248 F.3d 946, 2001 DJCAR 1875, 2001 WL 359509 (10th Cir. 2001).

[28] Fed. R. Civ. P. 1.

[29] *See e.g., Salinas v. Select Portfolio Servicing, Inc.*, No. 2:05 CV 975 PGC, 2007 WL 2956329, *6 (D. Utah Oct. 5, 2007) (finding the lack of cooperation in discovery was intentional); *Apodaca v. Uphoff*, 91 F.3d 159, 1996 WL 369472, at *1 (10th Cir. 1996) (upholding the district court's conclusion that the history of the suit "clearly demonstrates plaintiff's continuing obstreperous lack of cooperation in the discovery process and a cavalier disregard for the rules of this Court governing discovery"); *Greenwood Expls., Ltd. v. Merit Gas & Oil Corp.*, 837 F.2d 423, 426, 10 Fed. R. Serv. 3d 137, 1988 WL 1377 (10th Cir. 1988) (noting the defendants "disinterest and lack of cooperation in the case");

ORDER

Accordingly, Entrata's Emergency Motion for Short Form Discovery for Urgent Relief Re Violation of Court Order is GRANTED except for the request for fees and costs. Yardi's Motion for a Protective Order is DENIED. No party is awarded costs and fees.

IT IS SO ORDERED.

DATED this 11 October 2018.

_____
Brooke C. Wells
United States Magistrate Judge