# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>YARDI SYSTEMS, INC., a California corporation<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S ORDER<br><br>Case No. 2:15-cv-00102<br><br>Judge Clark Waddoups |

Before the court is Defendant Yardi Systems, Inc.'s (Yardi) Rule 72(a) Objection, (ECF No. 303) to Chief Magistrate Judge Paul M. Warner's June 20, 2018 Memorandum Decision and Order. (ECF No. 287.) On May 21, 2018, Yardi filed a short form Motion to Compel Production of Technology Assisted Review (TAR) Information. (ECF No. 241.) On June 20, 2018, Chief Magistrate Judge Warner entered an order denying Yardi's Motion. (ECF No. 287 at 6.) Yardi moves the court for review of Chief Magistrate Judge Warner's ruling, arguing that it was both "clearly erroneous and contrary to law." (ECF No. 333 at 5.) The court concludes that the Magistrate Court's ruling was neither clearly erroneous nor contrary to law. As explained below, the court DENIES Yardi's Objection.

## I. Background

On December 21, 2016, the parties submitted a Stipulated Attorneys Planning Meeting Report. (ECF No. 79.) This Meeting Report contained a "Discovery Plan." (ECF No. 79 at 5.) The discovery plan provided, in part, that "[d]iscovery of electronically stored information ('ESI') should be handled as follows: The Parties are negotiating an ESI protocol which they intend to present to the Court by stipulation." (ECF No. 79 at 7.)

According to Entrata, "[i]n May of 2017," "the parties conferred on multiple occasions

1

regarding the use of TAR." (Cross Decl. ¶ 4, ECF No. 257 at 3.) According to Entrata, the parties met telephonically on May 12, 2017 "to negotiate aspects of the parties' document collection and production methodologies, including Entrata's proposed use of TAR." (Cross Decl. ¶ 4, ECF No. 257 at 3.) According to Entrata, the parties did the same on May 16, 2017. (Cross Decl. ¶ 4, ECF No. 257 at 3.) On May 19, 2017, one of Yardi's attorneys, Jessica Walker, sent Entrata's attorneys "a list of questions . . . about the TAR process [Entrata] [was] planning to use." (ECF No. 257-1 at 4.) On May 25, 2017, Mary Gilbert, an Entrata attorney, responded "we will be prepared to discuss your questions about the TAR process Entrata is planning to use on our call tomorrow." (ECF No. 257-1 at 3.)

According to both parties, on May 26, 2017, the parties met and conferred again regarding TAR. (*See* Cross Decl. ¶ 4, ECF No. 257 at 3; *see also* Walker Decl. ¶ 2, ECF No. 241-5 at 2.) According to Entrata, at this meet and confer, "Entrata's counsel answered questions from Yardi's counsel regarding Entrata's anticipated TAR process, including how Entrata intended to identify seed documents, whether Entrata would be filtering any data before using TAR, and how Entrata would handle documents that could not be categorized by TAR."[1] (Cross Decl. ¶ 4, ECF No. 257 at 3.) According to Entrata, "Entrata's counsel also made clear that Entrata was using TAR as a culling mechanism and would be doing a linear review of documents identified by TAR as likely responsive to Yardi's discovery requests." (Cross Decl. ¶ 4, ECF No. 257 at 3.)

---

[1] Yardi agrees that this meet and confer occurred on May 26, 2017. (*See* Walker Decl. ¶ 2, ECF No. 241-5 at 2 ("On May 26, 2017, we discussed a series of questions Yardi had about Entrata's proposed TAR process."); *see also* ECF No. 241 at 5 ("May 26, 2017—meet and confer call between counsel for Yardi and Entrata discussing, among other things, TAR process; and during which Entrata provided initial information on TAR metrics.").)

Yardi also stated that "[o]n the key metrics of richness and recall, Entrata was not willing to agree to a minimum recall percentage at the beginning of the process or to discuss the richness until they had their full data set. Entrata's counsel said they were willing to potentially agree to some reciprocal transparency about recall throughout the process, and that we could discuss richness later." (Walker Decl. ¶ 2, ECF No. 241-5 at 2.)

On May 26, 2017, the same day that the parties met and conferred regarding TAR, Entrata filed a Short-Form Motion for Entry of an Order Governing Discovery of Electronically Stored Information. (ECF No. 105.) As an attachment to this Motion, Entrata included a Proposed Order Governing ESI discovery. (ECF No. 105-1.) Entrata's proposed order contained the following provision:

> The parties agree to work together in good faith to identify and negotiate a reasonable set of search terms and/or other search methodology to be used in searches for ESI. If the parties are unable to agree on a reasonable set of search terms or other search methodology within 30 days of the entry of this Order, the parties will submit competing proposals using the short-form discovery motion procedure set forth in DUCivR 37-1(a).

(ECF No. 105-1 at 3.)

On May 26, 2017, Yardi also filed a Short-Form Motion for Entry of an Order Governing Discovery of Electronically Stored Information. (ECF No. 106.) Like Entrata, Yardi also attached a Proposed Order Governing Discovery of Electronically Stored Information. (ECF No. 106-2.) Yardi's proposed order contained the following provision:

> The parties agree to work together in good faith to identify and negotiate a reasonable set of search terms and/or other search methodology to be applied to the parties' searches for ESI responsive to any and all RFPs. If the parties are unable to agree on a reasonable set of search terms or other search methodology within 30 days of the entry of this Order, the parties will submit competing proposals using the short-form discovery motion procedure set forth in DUCivR 37-1(a).

(ECF No. 106-2 at 3.)

On May 30, 2017, Ms. Walker, one of Yardi's attorneys, wrote to Entrata's attorneys: "we are still conferring with our expert on TAR, and appreciate the information you provided during our call last week." (ECF No. 257-1 at 2.) According to Entrata, "Yardi did not pose any

3

further questions" regarding TAR until sometime in October 2017.[2] (*See* Cross Decl. ¶¶ 4–6, ECF No. 257 at 3–4.)

On September 20, 2017, the Magistrate Court entered an Order Governing Discovery of Electronically Stored Information. (ECF No. 124.) The Order provided, in part:

> [t]he parties are to work together in good faith to identify and negotiate a reasonable set of search terms and/or other search methodology to be used in searches of ESI. If the parties are unable to agree on a reasonable set of search terms *or other search methodology within 30 days of the entry of this Order*, the parties will submit competing proposals using the short-form discovery motion procedure set forth in DUCivR 37-1(a).

(ECF No. 124 at 2 (emphasis added).) Neither party submitted a proposal within 30 days of the Magistrate Court's entry of this Order.

As noted in footnote 2, Yardi raised TAR again during an October 2, 2017 meet and confer. (*See* ECF No. 134 at 3.) According to Entrata, this occurred "after the substantial completion deadline for document productions, after Entrata had relied on TAR to fulfill its discovery obligations, and after Entrata had objected to Yardi's massive [September 29-30] document dump." (*See* Cross Decl. ¶ 6, ECF No. 257 at 4.)  In an October 16 filing to the

---

[2] In its Motion to the Magistrate Court, Yardi included a Meet and Confer Certification. (ECF No. 241 at 5.) The Meet and Confer Certification indicates that after May 26, 2017, the next date that the parties discussed the TAR process was on January 26, 2018. (*See* ECF No. 241 at 5 ("January 26, 2018—meet and confer call discussing TAR process and Entrata's metrics.").) Similarly, Jessica Walker's Declaration, also indicates that January 26, 2018 was the first time since May 26, 2017 that she "participated in another meet and confer teleconference with Entrata's counsel" regarding TAR. (*See* Walker Decl. ¶ 4, ECF No. 241-5 at 3.)

Entrata alleges that Yardi purposefully omitted the October meet and confer. (*See* Cross Decl. ¶ 7, ECF No. 257 at 5 ("Yardi omits [the October] meet-and-confer from its filing, suggesting that Entrata first objected to providing TAR metrics in January of this year. That is not accurate, as Yardi has been aware of Entrata's objections since October of [2018]—but waited until the final day of fact discovery to file its motion.").)

One of Yardi's pleadings filed on October 16, 2017 reveals that the parties met and conferred on October 2, 2018. (ECF No. 134 at 3.) Yardi's pleading states: "During meet and confer, Yardi requested Entrata's TAR statistics to determine whether the methodology Entrata used met minimum recall and precision standards. To date, Entrata has refused to provide this information." (ECF No. 134 at 3.) The preceding sentence is contained in a paragraph that references the October 2 meet-and-confer. (*See* ECF No. 134 at 3.) Yardi's pleading almost certainly indicates that the parties discussed Entrata's TAR statistics at the October 2 meet-and-confer. Yardi's decision to omit this October meet-and-confer from its Motion to the Magistrate Court is not well-taken.

Magistrate Court, Yardi stated that it "anticipate[d] bringing a motion to compel Entrata to share its TAR statistics and, if appropriate, to produce all responsive documents that were withheld based on an almost certainly unreliable and therefore insufficient TAR process."[3] (ECF No. 134 at 3. n. 1.)

Both parties agree that a meet-and-confer occurred on January 26, 2018. (*Compare* Cross Decl. ¶ 8, ECF No. 257 at 5 *with* Walker Decl. ¶ 4, ECF No. 241-5 at 3.) According to Entrata, at this meet-and-confer, "[f]or the first time since October 2017, Yardi demanded . . . TAR metrics from Entrata." (Cross Decl. ¶ 8, ECF No. 257 at 5.) According to Yardi, at this meet-and-confer, "Entrata's counsel . . . took the position that Yardi had waited too long to ask about Entrata's TAR metrics." (Walker Decl. ¶ 4, ECF No. 241-5 at 3.)

On April 4, 2018, Yardi sent Entrata an email. (ECF No. 241-2.) In this email, Yardi demanded that Entrata "provide complete information about its TAR process, including . . . its recall results." (ECF No. 241-2 at 5.) On April 13, 2018, Entrata responded to Yardi's email, characterizing Yardi's request as "untimely and improper." (*See* ECF No. 257-2 at 5.) In this email, Entrata referenced the October 2, 2017 meet and confer. (*See* ECF No. 257-2 at 6 ("The next Entrata heard from Yardi about TAR was on an October 2, 2017 meet and confer call . . . .").) It appears that the parties met and conferred again on April 23, 2018 during a conference call. (*See* ECF No. 241-3 at 2.) This meet and confer call was summarized in an April 24, 2018 email. (*See* ECF No. 241-3 at 2.) The email reveals that TAR was mentioned at the meet and confer call. (*See* ECF No. 241-3 at 2.) On May 13, 2018 the parties exchanged emails regarding a proposal relating to TAR information, but ultimately came to an "impasse." (*See* ECF No. 257-

---

[3] The court agrees with Entrata that there is evidence that Yardi was aware of Entrata's objections to Yardi's request for TAR information as early as October 2017.

5

3 at 4.)

May 21, 2018 was the last day of fact discovery. On that day, Yardi filed its Short Form Discovery Motion to Compel Production of TAR Information. (ECF No. 241.) In that Motion, Yardi "respectfully request[ed] that the Court compel Entrata . . . to produce the complete methodology and results of Entrata's Technology Assisted Review (TAR) process." (ECF No. 241 at 2.) Yardi argued that "[t]his information is necessary to allow Yardi to assess the adequacy of Entrata's document collection and review efforts and the completeness of Entrata's productions—and fully supported by case law." (ECF No. 241 at 2 (citations omitted).)

On May 29, 2018, Entrata filed its Opposition to Yardi's Motion. (ECF No. 256.) Entrata argued that Yardi's motion was "remarkably untimely," in part, because Yardi "wait[ed] until the *last day* of fact discovery" to file it. (*See* ECF No. 256 at 2 (emphasis in original).) Entrata also argued that Yardi's motion "offer[ed] no reason to believe . . . that Entrata's TAR process was deficient." (ECF No. 256 at 2.)

On June 20, 2018, the Magistrate Court entered an Order denying Yardi's Motion. (ECF No. 287 at 7.) In its Order, the Magistrate Court stated, in part:

> Yardi has not provided any specific examples of deficiencies in Entrata's document production or any specific reason why it questions the adequacy of Entrata's document collection and review. Without more detailed reasons why production of Entrata's TAR information is needed, the court is unwilling to order Entrata to produce such information. Furthermore, it is not lost on the court that Yardi waited until the last day of fact discovery to file this motion. In the court's view, if Yardi had specific concerns about Entrata's TAR process, it should have sought court intervention long ago. For those reasons, this motion is denied.

(ECF No. 287 at 6-7.)

On July 5, 2018, Yardi filed its Objection to the Magistrate Court's Order. (ECF No. 303.) Yardi argued that "the Chief Magistrate incorrectly concluded that Yardi bore the burden to provide specific reasons for questioning the adequacy of Entrata's document collection and

review, and, from that erroneous premise, denied Yardi's Motion . . . ." (ECF No. 303 at 5.) Yardi also argued that it "has shown that the Federal Rules of Civil Procedure and case law *require Entrata*, in the first instance, to provide transparent disclosures as a requirement attendant to its use of TAR in its document review." (ECF No. 303 at 5 emphasis in original).)

On August 1, 2018, Entrata filed its Response to Yardi's Objection. (ECF No. 328.) Entrata argued that Yardi had identified "no particular ***factual finding*** that it contends is clearly erroneous or any ***legal standard*** underlying the Magistrate Judge's decision that it contends is contrary to law." (ECF No. 328 at 5 (emphasis in original).) Entrata further argued that the Magistrate Court properly exercised its "broad discretion in finding Yardi's Motion untimely" and in "finding no cause to delve into Entrata's TAR process at the close of fact discovery." (ECF No. 328 at 9-10.) Entrata also argued that it "is entitled to fees and costs for [Yardi's] frivolous appeal." (ECF No. 328 at 14.)

On August 8, 2018, Yardi filed its Reply. (ECF No. 333.) Yardi argued that the Magistrate Court's Order "is clearly erroneous because it relied on Entrata's factual misrepresentations regarding its TAR information." (ECF No. 333 at 9.) Yardi also argued that "the Magistrate Judge's Order and Entrata's Opposition ignore established law requiring transparency and cooperation when employing TAR." (ECF No. 333 at 10.) In support of this argument, Yardi stated: "Entrata fails to provide the court with any evidence supporting its claims that Entrata shared information regarding its TAR process. (Opposition at 8). That is because no such evidence exists." (ECF No. 333 at 11.)

On August 10, 2018, Entrata filed a Motion for Leave to file Sur-Reply. (ECF No. 334.) Entrata filed this Sur-Reply "to correct material misstatements by Yardi . . . ." (ECF No. 334 at 2.) More specifically, Entrata argued that Yardi's claim that "no such evidence exists" (ECF No.

7

333 at 11) "is demonstrably false." (ECF No. 334 at 2.) Entrata's Motion was marked as "Unopposed." (*See* ECF No. 334.) On August 13, 2018, the court granted Entrata's Motion for Leave to File Sur-Reply. (ECF No. 335.) On that same day, Entrata filed its Sur-Reply. (ECF No. 336.) On August 14, 2018, Yardi filed a Request to Submit for Decision Regarding Its Rule 72(a) Objection relating to TAR. (ECF No. 337.) Yardi argued that Entrata's Motion for Leave to file Sur-Reply was improper. (*See* ECF No. 337 at 2.) Yardi requested oral argument "to both further address the merits of its TAR Objection and to rebut and refute any of [Entrata's] improper argument" regarding Entrata's Motion for Leave to file Sur-Reply. (*See* ECF No. 337 at 2-3.) The court heard oral argument on September 25, 2018, taking the matter under submission. (ECF No. 369.)

II.     **Rule 72(a)**

Under Federal Rule of Civil Procedure 72(a), a district court is required to "consider timely objections [to a nondispositive order from a magistrate judge] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "Under Rule 72, a district court is 'required to 'defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law.'" *Raytheon Co. v. Cray, Inc.*, No. 2:16-MC-898-DAK, 2017 WL 823558, at *2 (D. Utah Mar. 2, 2017) (quoting *Allen v. Sybase, Inc.*, 468 F.3d 642, 658–59 (10th Cir. 2006)). "The 'clearly erroneous' standard under Rule 72(a) applies to factual findings." *Id*. (citation omitted). "In order for a district court to overturn a magistrate judge's decision as clearly erroneous, the court must be left with a 'definite and firm conviction that a mistake has been committed.'" *Id*. (citation omitted). "Under the 'contrary to

law' standard, the district court conducts a plenary review of the magistrate judge's purely legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Id*. (citation omitted).

### III. Analysis

Yardi argues that the Magistrate Court's Order was "clearly erroneous and contrary to law." (ECF No. 303 at 6.) Yardi argues that the "Magistrate Judge's Order is clearly erroneous because it relied on Entrata's misrepresentations regarding its TAR information." (ECF No. 333 at 9.) Yardi also appears to argue that the Magistrate Court's order was contrary to law because "the Federal Rules of Civil Procedure and case law *require Entrata*, in the first instance, to provide transparent disclosures as a requirement attendant to its use of TAR in its document review." (ECF No. 303 at 5 (emphasis in original).)

Factual Findings

Yardi argues that "[t]he Magistrate Judge's single paragraph Order denied Yardi's Motion due to Entrata's false claim that it cooperated with Yardi and provided Yardi with information regarding its TAR metrics and training procedures. This was simply not the case." (ECF No. 333 at 9 (citations omitted).) But nothing in the Magistrate Court's Order indicates that it relied on Entrata's "false claim." (*See* ECF No. 287 at 6-7.) The Magistrate Court denied Yardi's Motion because Yardi did not point to any deficiencies in Entrata's production and because Yardi waited until the last day of fact discovery to file its Motion—not because it made a factual finding relying on any of Entrata's representations. (*See* ECF No. 287 at 6-7.) The Magistrate Court's order was not clearly erroneous.

Legal Determinations

Yardi argues that "the Chief Magistrate incorrectly concluded that Yardi bore the burden

9

to provide specific reasons for questioning the adequacy of Entrata's document collection and review, and, from that erroneous premise, denied Yardi's" Motion. (ECF No. 303 at 5.) Yardi argues that it did not bear the burden to demonstrate deficiencies in Entrata's production. (*See* ECF No. 303 at 5.) As noted above, Yardi argues that "the Federal Rules of Civil Procedure and case law *require Entrata*, in the first instance, to provide transparent disclosures as a requirement attendant to its use of TAR in its document review." (ECF No. 303 at 5 (emphasis in original).) As Entrata points out, (*See* ECF No. 328 at 11) Yardi cites no Federal Rule in support of this argument. The court nevertheless briefly discusses the parties' obligations under the Federal Rules of Civil Procedure.

"The scope of the obligation to search for, and produce, ESI is circumscribed by Federal Rule of Civil Procedure 26(g) . . . ." Karl Schieneman & Thomas C. Gricks III, *The Implications of Rule 26(g) on the Use of Technology-Assisted Review*, 7 Fed. Cts. L. Rev. 239, 243 (2013). But "[n]othing in Rule 26(g) obligates counsel to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request." *Id*. at 254. "However, Federal Rule of Civil Procedure 26(f) *does* require counsel to meet and confer, and prepare a discovery plan, which 'must state . . . any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced." *Id*. at 254–55 (quoting Federal Rule of Civil Procedure 26(f)(3)(C)). "The Rule 26(f) discovery conference is not merely a perfunctory exercise." Scheindlin & Daniel J. Capa, *Electronic Discovery and Digital Evidence* 257 (2015). "Rather, it is an opportunity for the parties to educate themselves and their adversaries, anticipate and resolve electronic discovery disputes *before they escalate*, expedite the progress of their case, and assess and manage litigation costs." *Id*. (emphasis added); *see also UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. LLC*, No. 16-

CV-81180, 2017 WL 4785457, at *4 (S.D. Fla. Oct. 20, 2017) ("Courts expect that counsel will endeavor to cooperate and reach agreements early in litigation regarding . . . the method of search (keyword, TAR, combination) . . . and to revisit issues, if necessary, as more facts are discovered or legal theories are refined." (quoting *The Federal Judges' Guide to Discovery, Edition 3.0,* The Electronic Discovery Institute (2017) at 50)). "The obligation to address electronic discovery at the Rule 26(f) meet and confer rests with the litigants." Scheindlin & Daniel J. Capa, *Electronic Discovery and Digital Evidence* 258 (2015).

      The Federal Rules of Civil Procedure assume cooperation in discovery. Here, the parties never reached an agreement regarding search methodology. In the court's view, the lack of any agreement regarding search methodology is a failure on the part of both parties. Nevertheless, Yardi knew, as early as May of 2017, that Entrata intended to use TAR. (*See* ECF No. 257-1 at 2.) The Magistrate Court's September 20, 2017 Order stated, in part, that "[i]f the parties are unable to agree on . . . search methodology within 30 days of the entry of this Order, the parties will submit competing proposals . . . ." (ECF No. 124 at 2.) Yardi, as early as October 2, 2017, knew that "Entrata [was] refus[ing] to provide" "TAR statistics." (*See* ECF No. 134 at 3.) In other words, Yardi knew that the parties had not reached an agreement regarding search methodology well before the thirty day window closed. Because Yardi knew that the parties had not reached an agreement on search methodology, it should have filed a proposal with the Magistrate Court. This would have almost certainly aided in resolving this dispute long before it escalated. But neither party filed any proposal with the Magistrate Court within 30 days of entry of its Order. Yardi has not pointed to any Federal Rule of Civil Procedure demonstrating that the Magistrate Court's Order was contrary to law. This court rejects Yardi's argument relating to the Federal Rules of Civil Procedure.

The court now turns to Yardi's argument that case law required Entrata, "in the first instance, to provide transparent disclosures as a requirement attendant to its use of TAR in its document review." (ECF No. 303 at 5.) In its objection, Yardi cites primarily to three cases in support of its position. (*See* ECF No. 303 at 8-9.)

The first is *Progressive Cas. Ins. Co. v. Delaney*, No. 2:11-CV-00678-LRH, 2014 WL 3563467 (D. Nev. July 18, 2014). In that case, "[t]he parties submitted a joint proposed ESI protocol," "and agreed to search terms to run across ESI which [the plaintiff] represented was in its possession . . . ." *Id.* at *6. After agreeing to that ESI protocol, the plaintiff "began utilizing predictive coding techniques to review ESI without the Defendant's agreement to amend the parties' stipulated ESI protocol Order . . . and without seeking leave of the court to amend the ESI Order." *Id.* at *2. The predictive coding the plaintiff sought "would [have] relieve[d] it of the burden of manual review of ESI according to the ESI protocol it [had originally] stipulated to . . . ." *Id.* at *10. Ultimately, the court did not allow the plaintiff to use predictive coding. *See id.* at *11. But the court did state that "[h]ad the parties worked with their e-discovery consultants at the onset of [that] case to a predictive coding-based ESI protocol, the court would not hesitate to approve a transparent, mutually agreed upon ESI protocol. However, this is not what happened." *Id.* at *9. *Progressive* is different from this case because in *Progressive* the parties "agreed to search terms to run across ESI." *Id.* at *6. Here, as discussed above, the parties never reached any agreement regarding search methodology.

The second case that Yardi cites is *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-1196, 2014 WL 4923014 (M.D. Tenn. July 22, 2014). In that case, the plaintiff "request[ed] to use predictive coding in reviewing something over two million documents for responsiveness." *Id.* at *1. The defendant opposed this request, because it considered the

"request as being an unwarranted change in the original case management order" and because it argued that "it is unfair to use predictive coding after an initial screening has been done with search terms." *Id.* The court permitted plaintiff to use predictive coding, but noted that it was "allowing [p]laintiff to switch horses midstream." *Id*. The court also noted that "[i]n the final analysis, the uses of predictive coding is a judgment call . . . ." *Id*. Like *Progressive*, *Bridgestone* is different from this case because Entrata did not switch to TAR "midstream." Again, Entrata and Yardi never reached an agreement regarding search methodology.

The third case Yardi relies on is *Da Silva Moore v. Publicis Groupe*, 287 F.R.D. 182 (S.D.N.Y. 2012). In that case, "the parties had agreed to defendants' use of [predictive coding,] but had disputes over the scope and implementation, which the Court ruled on, thus accepting the use of computer-assisted review in [that] lawsuit." *Id*. at 183 n. 1. Again, this is different than the facts of this case, where the parties never reached an agreement regarding the use of TAR.

But *Da Silva* does support the proposition that Entrata should have received approval from the court before using TAR. In *Da Silva,* the court stated that "the best approach to the use of computer assisted coding is to follow the Sedona Cooperation Proclamation model. Advise opposing counsel that you plan to use computer-assisted coding and *seek agreement*; if you cannot, consider whether to abandon predictive coding for that case *or go to the court for advance approval*." *Id*. at 184 (emphases added) (quoting Andrew Peck, *Search Forward,* L. Tech. News, Oct. 2011, at 25, 29). But the Magistrate Judge in *Da Silva* noted, in a later case, that "[i]n the three years since *Da Silva Moore*, the case law has developed to the point that it is now black letter law that where the producing party wants to utilize TAR for document review, *courts will permit it*. *Rio Tinto PLC v. Vale S.A.*, 306 F.R.D. 125, 127 (S.D.N.Y. 2015) (emphasis added).

Each of the cases that Yardi primarily relied on involved parties that had come to agreements early in the discovery process. In fact, nearly all the cases cited by both Entrata and Yardi involved parties that had reached some agreement regarding ESI or TAR early in the discovery process. This case is unique because the parties never reached any agreement. Nevertheless, the court is persuaded that because it is "black letter law" that courts will permit a producing party to utilize TAR, Entrata was not required to seek approval from the Magistrate Court to use TAR where there was never an agreement to utilize a different search methodology. The court agrees with the Magistrate Judge that if Yardi had concerns about Entrata's use of TAR, it should have sought intervention long before the last day of fact discovery. Yardi should have filed a proposal within 30 days of the Magistrate Court's September 20, 2017 Order. It did not. The Magistrate Court's June 20, 2018 Order denying Yardi's Motion was not contrary to law.

## IV.     Attorney's Fees

Entrata argues that "this Court should award Entrata its fees and costs." (ECF No. 328 at 14.) In support, Entrata cites *Blair v. CBE Grp., Inc.*, No. 13CV134-MMA WVG, 2014 WL 4658731, at *1 (S.D. Cal. Sept. 17, 2014) for the proposition that "[d]istrict courts have routinely awarded attorneys' fees pursuant to Federal Rule of Civil Procedure 37 for fees incurred in responding to a Rule 72(a) objection." As noted above, Yardi filed a short form Motion to Compel on May 21, 2018. (ECF No. 241.) Rule 37(a) deals with "Motion[s] for an Order Compelling Disclosure or Discovery." Fed. R. Civ. P. 37(a). Rule 37(a)(5)(B) provides that "[i]f the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including

attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*. "A request for discovery is 'substantially justified' under Rule 37 if reasonable people could differ on the matter in dispute." *Blair*, 2014 WL 4658731 at *1. While the court ultimately rejected Yardi's argument that Entrata was required "in the first instance, to provide transparent disclosures as a requirement attendant to its use of TAR in its document review," (ECF No. 303 at 5) the court does not believe Yardi's position was unreasonable or, as Entrata argues, "wholly meritless." (ECF No. 328 at 14.) The court declines to award Entrata its fees and costs.

DATED this 29th day of October, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge
