IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Entrata, Inc. a Delaware Corporation,<br><br>Plaintiff,<br>v.<br><br>Yardi Systems, Inc., a California Corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT YARDI SYSTEMS INC.'S SHORT FORM MOTION FOR PROTECTIVE ORDER RE ENTRATA'S SECOND DEPOSITION DISCOVERY OF YARDI'S WITNESSES<br><br>Case No. 2:15-cv-102 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636 (b)(1)(A).[1] Pending before the court is Defendant Yardi Systems, Inc.'s Short Form Motion for Protective Order re Entrata's Second Deposition Discovery of Yardi's Witnesses.[2] The court will deny the motion finding much of it moot via the parties' cooperation.

I.

This case involves a dispute between two software and technology companies, Entrata, Inc. (Entrata) and Yardi Systems, Inc. (Yardi). Each "sells various competing property management software products."[3] These software products allow "owners and managers of multiple rental and lease units to better manage their rental properties by offering functionality to perform accounting and management tasks …."[4] Entrata claims Yardi has engaged in a pattern of unfair, unlawful and anti-competitive actions against it and other competitors.

---

[1] ECF No. 324.

[2] ECF No. 381.

[3] Amended Complaint ¶ 6, ECF No. 55.

[4] *Id.*

The instant dispute centers on Entrata's October 8, 2018, notices of second depositions for ten Yardi witnesses. Entrata seeks to reopen, or redepose, certain individuals following the production of a very large number of documents.[5] On September 11, 2018, the court entered an Order Appointing Matthew L. Lalli as Special Master to "review in camera all documents Yardi continues to withhold or redact as privileged (the "Yardi Documents") to determine whether each document is privileged and properly withheld or redacted."[6] The production to the Special Master has been so voluminous that the court recently extended the Special Master deadline from November 13, 2018 to November 30, 2018.[7]

II.

Federal Rule of Civil Procedure 30 provides that a party must obtain leave of court to reopen a deposition "if the parties have not stipulated to the deposition and: (ii) the deponent has already been deposed in the case."[8] Yardi argues Entrata failed to seek leave of court to reopen the sought after depositions. Further, Entrata's claim that good cause exists "simply because Yardi recently has produced approximately 3,500 documents as part of the Special Master's work" does not warrant reopening the depositions.[9] In response, Entrata points to the history of this case, including the discovery issues, and the alleged agreement to produce witnesses during the first two weeks in November reneged on by Yardi. Entrata further notes it agreed to limit the "scope and time of the depositions, to no more than half day each regarding newly-produced documents."

---

[5] The parties dispute the number of documents that were produced. The exact number is immaterial to the court's decision because whether it is 3500 documents or 8700 documents, either amount presents a substantial production.

[6] ECF No. 364 at 2.

[7] ECF No. 384 at 2.

[8] Fed. R. Civ. P. 30(a)(2)(A)(ii).

[9] ECF No. 381 at 3.

2

Based on the record to date, Entrata has failed to seek leave of court to reopen the depositions. However, it appears the parties either reached or were attempting to reach some type of an agreement to take depositions during the first two weeks of November when Yardi filed its motion. So, the court finds Entrata's failure does not warrant quashing the deposition notices under these circumstances. Further, the court is encouraged by Yardi's response that it "believes that Entrata can show good cause to re-depose Arnie Brier, Brady Bustany, Gordon Morell and Anant Yardi."[10] Yardi offered to make these individuals available for depositions to be set in January 2019.[11] The court agrees with Yardi's position and will order these depositions to occur. The question remaining before the undersigned is the fate of the depositions for the other six individuals: T. Down, B. Sanvictores, J. Shoebe, T. Berndt, P. Hill and M. Tuer. Should these depositions proceed or should they be cancelled?

Although the Federal Rules of Civil Procedure require leave of court for the reopening of a deposition, the rules do not set forth the standard. Rather, Rule 30(a)(2) provides that the court must grant leave to reopen a deposition "to the extent consistent with Rule 26(b)(1) and (2)."[12] Rules 26(b)(1) and (2) set forth parameters for discovery. These rules require that discovery must be relevant and proportional.[13] They also direct the court to restrict discovery in certain instances. For example, if the discovery is "unreasonably cumulative or duplicative"[14] or if the party "seeking discovery has had ample opportunity to obtain the information by discovery in the action."[15]

---

[10] ECF No. 407 at 2.

[11] *Id.*

[12] Fed. R. Civ. P. 30(a)(2).

[13] Fed. R. Civ. P. 26(b)(1).

[14] Fed. R. Civ. P. 26(b)(2)(C)(i).

[15] *Id.* at (C)(ii).

Some courts have also considered whether good cause was shown before allowing the reopening of a deposition. As noted by a sister court in this circuit, "[s]ome courts require parties to show good cause before they can conduct a second deposition.[16] Other courts require a showing of good cause to prevent—rather than allow—the second deposition."[17] Considering only whether good cause is shown, however, appears to disregard Rule 30's framework for when leave must be given to take a second deposition.[18]

Here, the court finds under Rule 30, that Entrata could take the second depositions unless they run awry of the restrictions on discovery. Based on the large number of newly produced documents where the witness is the custodian, sender, or recipient,[19] the court finds the deposition of T. Down should also occur. Mr. Down is the Senior Vice President of Sales and there are 1024 newly produced unique documents pertaining to him. The other individuals have under a 1000 unique documents at this time and the court is not persuaded that the discovery from those individuals would not be "unreasonably cumulative or duplicative"[20] of the reopened depositions. The court, therefore, will postpone the remaining five depositions[21] until the work of the Special Master is completed and the second depositions as ordered occur. Once those items are completed, the parties are to update the court on the need to have these remaining

---

[16] *See, e.g., Kleppinger v. Texas Department of Transportation,* 283 F.R.D. 330, 335 n.7 (S.D.Tex.2012) ("other district courts have utilized a 'good cause' standard" when determining whether to allow a second deposition under Rule 30(a)(2)(A)(ii) (other citations omitted)).

[17] *Clark v. Penn Square Mall Ltd. P'ship*, 2013 WL 139778, at *1 (W.D. Okla. Jan. 10, 2013) (c*iting Jade Trading, LLC v. United States*, 64 Fed. Cl. 85, 86–87 (2005) ("Some courts have opined that leave to conduct a second deposition should ordinarily be granted, and that the party opposing the second deposition must demonstrate good cause why the second deposition should not be taken." (other citations omitted)).

[18] *See id.*

[19] *See* ECF No. 407 at 6.

[20] Fed. R. Civ. P. 26(b)(2)(C)(i).

[21] These individuals are B. Sanvictores, J. Shoebe, T. Berndt, P. Hill and M. Tuer.

depositions. Once again, the parties are encouraged to cooperate with each other if it becomes evident that the remaining depositions need to occur.

Finally, the court notes the importance of the timing of the reopened depositions. If they are scheduled before the work of the Special Master is finished, the possibility remains that there will be additional newly produced documents. The court is not inclined to open them again a third time because of the costs and time to the parties and the court. Therefore, the reopened depositions are to occur after the work of the Special Master is complete, or Entrata is to agree that it will not seek to reopen them a third time.

ORDER

Accordingly, Yardi's Short Form Motion for Protective Order is DENIED. The depositions are to proceed as set forth above and in accordance with Entrata's proposed limitations as to scope and time, and in accordance with Yardi's offer as to timing presuming the work of the Special Master is complete by then. No party is awarded costs and fees.

IT IS SO ORDERED.

DATED this 26 November 2018.

Brooke C. Wells
United States Magistrate Judge