John A. Anderson (#4464)
jaanderson@stoel.com
Monica S. Call (#11361)
monica.call@stoel.com
Jordan C. Bledsoe (#15545)
jordan.bledsoe@stoel.com
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT  84111-4904
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

Fredric C. Nelson (admitted *pro hac vice*)
fnelson@nixonpeabody.com
John R. Foote (admitted *pro hac vice*)
jfoote@nixonpeabody.com
Matthew A. Richards (admitted *pro hac vice*)
mrichards@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA  94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Jason P. Gonzalez (admitted *pro hac vice*)
jgonzalez@nixonpeabody.com
NIXON PEABODY LLP
300 South Grand Avenue, Suite 4100
Los Angeles, CA  90071-3151
Telephone: (213) 629-6000
Facsimile:  (213) 629-6001

Attorneys for Defendant Yardi Systems, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YARDI SYSTEMS, INC., a California corporation,<br><br>Defendant. | **DEFENDANT YARDI SYSTEMS, INC.'S OBJECTION TO THE SPECIAL MASTER'S SECOND ORDER AND DETERMINATION AS TO YARDI'S PRIVILEGE**<br><br>No. 2:15-cv-00102-CW-PMW<br><br>Hon. Clark Waddoups, District Judge<br><br>Hon. Brooke C. Wells, Magistrate Judge |

## I. INTRODUCTION

Yardi respectfully objects to the Special Master's November 26, 2018 Second Order and Determination as to Yardi's Privilege ("Second Order and Determination") (Dkt. 425) with respect to five documents: UYARDI7384841, UYARDI7389502, UYARDI7386483, UYARDI7386875, and UYARDI73855591, each of which contains privileged attorney-client communications that should remain protected from disclosure in this litigation for the reasons set forth below. Yardi has also identified a sixth document, UYARDI7387400, that it believes the Special Master has over-redacted. Accordingly, Yardi has elected to disclose portions of UYARDI7387400 that the Special Master had marked for redaction.

Several of the emails ordered for disclosure by the Special Master contain no discussion of facts relevant to the litigation or any issues in dispute. Rather, they are purely internal communications meant to facilitate Yardi's legal strategy. Yardi respectfully requests that the Court amend the Special Master's Second Order and Determination to withhold from production the entirety of UYARDI7384841, UYARDI7386483, UYARDI7386875, and UYARDI73855591, as well as all communications within UYARDI7389502 other than the January 17, 2015 email sent by David Bateman.

## II.   DISCUSSION

### A.   UYARDI7384841 and UYARDI7389502

The privileged nature of UYARDI7384841 and UYARDI7389502 may not have been readily apparent to the Special Master during his review, as each of these documents requires the consideration of additional context to properly assess them.

Regarding UYARDI7384841, the Special Master has ordered disclosure of two emails within the document that were sent on October 10, 2016 at 1:58 PM and 2:01 PM, respectively.  Among other recipients, these emails were sent to securityteam@yardi.com – an email distribution list whose recipients included a member of Yardi's internal legal team.  Declaration of Arnold E. Brier ("Brier Decl.") ¶¶ 3-6.  These emails included Yardi's in-house counsel in discussing details of a security issue, because the very nature of such issues required the review, input, and advice of legal counsel.  Brier Decl. ¶¶ 3, 6.  The Special Master properly concluded that the content of these emails, discussing matters squarely within the purview of Yardi's legal department and for which legal advice was necessary and appropriate were properly withheld.  What the Special Master could not have known, however, was that the distribution list securityteam@yardi.com included Yardi's legal counsel.  Brier Decl. ¶¶ 3, 7.  Thus, the same, correct privilege determination

that the Special Master applied to the emails in the UYARDI7384841 thread where legal counsel was individually copied must be properly extended to the remaining emails, on which Yardi's legal counsel was also a recipient as part of the distribution list.  Indeed, the privileged nature of these communications is exactly the same for both the portions marked for redaction and the portions that were not marked for redaction.  But for the confusion regarding the recipients of the securityteam@yardi.com distribution list, the entirety of UYARDI7384841 should have been withheld from production, consistent with the Special Master's clear and unambiguous determinations as to the portions he previously determined should be withheld.

Regarding UYARDI7389502, the emails ordered for production by the Special Master again contain communications between senior Yardi executives, internal Yardi counsel, and outside litigation counsel.  Here, the communications concern how, or if, to respond to the January 17, 2015, email sent by Mr. Bateman during heated litigation between Yardi and Entrata.  These emails demonstrate Yardi's senior executives' request for legal advice and discussion of case strategy with both internal and outside counsel.  The Special Master may not have recognized the request for legal advice due to: (1) the shorthand manner in which the request

was raised within Anant Yardi's January 17, 2015, 7:38 AM email; (2) confusion as to whether the emails' recipients included outside litigation counsel (they did); (3) a lack of context regarding the ongoing litigation between the parties at the time; or (4) the manner in which the topic of how, or if, to respond was discussed among the participants.  None of these change the privileged nature of these communications and this cannot support producing the material.  As to this last point, the privileged nature of these communications becomes clear in the final email in the chain, sent by Gordon Morrell on January 17, 2015, at 12:00 PM, in which a constructive, detailed proposal for responding to Mr. Bateman is outlined.  When viewed in context, and with full knowledge of the participants and the events surrounding these communications, it is evident that all of the communications within UYARDI7389502 – other than the January 17, 2015, email from Mr. Bateman – involve a discussion between Yardi senior executives, Yardi's legal department, and Yardi's outside counsel concerning this litigation and Yardi's strategy and thus were properly withheld from production.  UYARDI7389502 should be redacted except as to the January 17, 2015, email from Mr. Bateman.

### B.    UYARDI7386483 and UYARDI7386875

The Special Master's privilege designations for UYARDI7386483 and UYARDI7386875 appear to be internally inconsistent. The Special Master confirmed that the substantial majority of each document was privileged and marked them for redaction accordingly. However, the non-redacted portions are also privileged and must be withheld, as evidenced by the context of each communication.

The portions of UYARDI7386483 approved by the Special Master for redaction discuss litigation strategy and analysis related to a court order, including analysis provided by Yardi's President and Founder, Anant Yardi. The emails sent on September 19, 2016, at 1:04 and 10:06 PM continue a prior discussion about a court order, and include privileged comments concerning how Mr. Yardi's analysis of the order as well as other legal issues should be weighed by counsel. These are prototypically privileged strategic communications. UYARDI7384841 should be withheld from production in its entirety.

Similarly, the redacted portions of UYARDI7386875 discuss privileged litigation strategy, including how and if outside counsel should be utilized for anticipated legal tasks. The portions of UYARDI7386875 that the Special Master

has ordered for disclosure continue this discussion and include the concrete steps being taken to employ counsel to engage in legal analysis.  Disclosing these portions of the thread is not only inconsistent with the redactions already identified by the Special Master, doing so would divulge attorney work-product and case strategy to Entrata.  Moreover, UYARDI7386875 is focused purely on legal strategy and procedure, rather than substantive information pertinent to the litigation or any issues in dispute.  UYARDI7386875 should be withheld from production in its entirety.

### C. UYARDI7385591

The Special Master has ordered that UYARDI7385591 be produced in full. Yardi believes that the Special Master made this designation in error, as the content of UYARDI7385591 – communications between Yardi internal counsel and outside counsel regarding litigation tasks performed by outside counsel, staffing related to the same, and related costs – falls plainly within the scope of protected attorney-client communications.  The ability to openly discuss these issues with litigation counsel, free from concern regarding public disclosure, is one of the quintessential reasons the attorney-client privilege exists.  Because all elements of UYARDI7385591 concern the operations of Yardi's legal team and there is no substantive information pertaining to the litigation or any issues in dispute, no basis

exists for its disclosure. UYARDI7385591 should be withheld from production in its entirety.

### D.     UYARDI7387400

The Special Master's suggested redaction of UYARDI7387400 appears to be an inadvertent error and is over-inclusive in that it marks for redaction a forwarded ECF notice sent to Yardi and Entrata on September 19, 2016 at 3:31 PM from [cacd_ecfmail@cacd.uscourts.gov](mailto:cacd_ecfmail@cacd.uscourts.gov). Because this ECF notice was previously disclosed to both the parties and the public, there is no basis to redact it here. Thus, Yardi has produced the portion of UYARDI7387400 containing this ECF notice that the Special Master inadvertently marked for redaction.

## III.    CONCLUSION

For the foregoing reasons, Yardi respectfully requests that the Special Master amend his Second Order and Determination to hold that UYARDI7384841, UYARDI7386483, UYARDI7386875, and UYARDI73855591 be withheld from production in their entirety, as well as all communications within UYARDI7389502, other than the January 17, 2015 email sent by Mr. Bateman.

Respectfully submitted,

Dated: December 10, 2018        NIXON PEABODY LLP

By: */s/Jason P. Gonzalez*
      Jason P. Gonzalez
      John R. Foote
      Matthew A. Richards
      Attorneys for Defendant
      Yardi Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2018, a true and correct copy of the foregoing document was served on the following via email:

Jeffrey A. Jaeckel
jjaeckel@mofo.com
David D. Cross
dcross@mofo.com
Mary G. Kaiser
mkaiser@mofo.com
Robert W. Manoso
rmanoso@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave NW, Suite 6000
Washington, DC  20006
*Counsel for Entrata, Inc.*

Blaine J. Bernard
BJBernard@hollandhart.com
Eric G. Maxfield
EGMaxfield@hollandhart.com
Darren G. Reid
DGReid@hollandhart.com
HOLLAND & HART, LLP
222 South Main Street, Suite 2200
Salt Lake City, UT  84101
*Co-counsel for Entrata, Inc.*

Eric M. Acker
eacker@mofo.com
Christian G. Andreu-von Euw
christian@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, CA  92130-2040

Michael A. Jacobs
mjacobs@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
*Counsel for Entrata, Inc.*

　　　　　　　　　　　　　　　*/s/ Jason P. Gonzalez*
　　　　　　　　　　　　　　　Jason P. Gonzalez