IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>                Plaintiff,<br>v.<br><br>YARDI SYSTEMS, INC., a California corporation<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S OBJECTION TO SPECIAL MASTER'S SECOND ORDER<br><br>Case No. 2:15-cv-00102<br><br>Judge Clark Waddoups |

Before the court is Defendant Yardi Systems, Inc.'s (Yardi) Objection, (ECF No. 435) to the Special Master's November 26, 2018 Second Order and Determination as to Yardi's Privilege, (ECF No. 425). In his Second Order, the Special Master ordered the production, in part, or in whole, of approximately 72 records. (*See* ECF No. 425 at 3–16.) Yardi "respectfully object[ed]" to the Special Master's Second Order "with respect to five documents: [1] UYARDI7384841, [2] UYARDI7389502, [3] UYARDI7386483, [4] UYARDI7386875, and [5] UYARDI73855591." (ECF No. 435 at 2.)

I.      **Background**

The background that gave rise to this objection is adequately detailed in the Special Master's Second Order, (ECF No. 435) the court's Memorandum Decision and Order Granting Entrata's Motion for Special Master, (ECF No. 348) and the court's Order Appointing Special Master and Compelling Production of Non-Privileged Documents. (ECF No. 364.)

II.     **Analysis**

In the court's Order Appointing Special Master, the court provided that "[t]he standards for reviewing . . . the Special Master's orders, including factual findings and conclusions of law, shall be in accordance with Federal Rule of Civil Procedure 53." (ECF No. 364 at 3.) Under

1

Federal Rule of Civil Procedure 53(f), "[t]he court must decide de novo all objections to conclusions of law made . . . by a master." Fed. R. Civ. P. 53(f)(4). As noted above, Yardi's objection relates to five documents. (*See* ECF No. 435 at 2.) Yardi argues that each of these five documents "contains privileged attorney-client communication that should remain protected from disclosure in this litigation . . . ." (ECF No. 435 at 2.)

The court addresses each of Yardi's five arguments in turn.

1. <u>UYARDI7384841</u>

Document 1 is a series of emails discussing details of a security issue. The Special Master ordered that all but two of the emails be redacted. (*See* ECF No. 425 at 3.) Yardi argues that these two emails should be withheld from production because Yardi's security team was "CC'ed" on the emails and because the security team "included Yardi's legal counsel." (*See* ECF No. 435 at 3.) But the unredacted emails do not convey any request for or communication of legal advice. Yardi's objection regarding Document 1 is denied.

2. <u>UYARDI7389502</u>

According to Yardi, Document 2 is a series of emails "contain[ing] communications between senior Yardi executives, internal Yardi counsel, and outside litigation counsel." (ECF No. 435 at 4.) The Special Master ordered Yardi to "[u]n-redact all redactions." (ECF No. 425 at 16.) Yardi argues that "[t]hese emails demonstrate Yardi's senior executives' request for legal advice and discussion of case strategy with both internal and outside counsel." (ECF No. 435 at 4.) A review of the emails reveals that there is no request for legal advice. Yardi's objection regarding Document 2 is denied.

3. <u>UYARDI7386483</u>

Document 3 is a series of emails between Yardi's in-house counsel, including "analysis provided by . . . Anant Yardi." (ECF No. 435 at 6.) The Special Master ordered most of the

2

emails redacted, but Yardi argues that these emails "should be withheld from production in [their] entirety." (*See* ECF No. 435 at 6.) At issue are two emails from September 19, 2016. (*See* ECF No. 435 at 6.) Yardi argues that these two emails "continue a prior discussion about a court order, and include privileged comments concerning how Mr. Yardi's analysis of the order . . . should be weighed by counsel." (ECF No. 435 at 6.) The unredacted emails include no specific discussion regarding the court order. Nor do the emails specifically discuss Mr. Yardi's analysis. The content of the unredacted portions of Document 3 do not support the privilege Yardi asserts. Yardi's objection regarding Document 3 is denied.

4. UYARDI7386875

Document 4 is a series of three emails between Yardi's in-house counsel and Anant Yardi. The Special Master ordered Yardi to produce these emails "in whole," except for one email sent on January 6, 2017 at 4:56 AM. (*See* ECF No. 425 at 7.) Yardi argues that revealing the second and third emails "would divulge attorney-work product and case strategy . . . ." (ECF No. 435 at 7.) Those emails do not disclose the content of any request for legal advice, legal advice, or litigation strategy. They simply discuss possible dates for meeting with an outside attorney. The fact of meeting with an attorney, as opposed to the content of any discussions, is not privileged. Yardi's objection to Document 4 is denied.

5. UYARDI73855591

Document 5 is a communication between in-house counsel and outside counsel about a billing issue. Yardi argues that "the content of [Document 5]—communications between Yardi internal counsel and outside counsel regarding litigations tasks performed by outside counsel, staffing related to the same, and related costs—falls plainly within the scope of protected attorney-client communications." (ECF No. 435 at 7.)

3

"The attorney-client privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as a legal advisor." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1182 (10th Cir. 2010) (citations omitted) (internal quotation marks omitted). "The mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege." *Id*. (citations omitted) (internal quotation marks omitted). "[R]ather, the communication between a lawyer and client must relate to legal advice or strategy sought by the client." *Id*. (citations omitted) (internal quotation marks omitted).

Document 5 does not reveal any client communication. The content of the document does not support the privilege Yardi asserts. The court denies Yardi's objection regarding Document 5.

III. **Conclusion**

For the foregoing reasons, the court DENIES Yardi's Objection as to all five documents. Yardi shall produce to Entrata, on or before January 4, 2019, the five documents the Special Master originally ordered to be produced.

DATED this 3rd day of January, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge