IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>YARDI SYSTEMS, INC., a California corporation<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER<br><br>Case No. 2:15-cv-00102<br><br>Judge Clark Waddoups |

Before the court is Defendant Yardi Systems, Inc.'s (Yardi) Motion to Modify Scheduling Order, (ECF No. 446.) For the reasons stated below, the court denies Yardi's Motion.

## I. Background

On January 5, 2017, Magistrate Judge Furse entered a Scheduling Order in this case. (ECF No. 80.) That Order set the deadline for expert discovery for January 18, 2018 and the deadline for filing dispositive motions for March 16, 2018. (ECF No. 80 at 4.)

On August 3, 2017, the parties filed a Joint Motion to Extend Certain Deadlines. (ECF No. 114.) In this Motion, the parties proposed changing the expert discovery deadline from January 19, 2018 to March 9, 2018. (*See* ECF No. 114 at 2.) The parties did not request that the court change the then governing dispositive motion deadline of March 16, 2018 (ECF No. 114 at 2.) Thus, as of August 3, 2017, the parties contemplated that the dispositive motion deadline would be one week after the expert discovery cutoff. On August 4, 2017, Magistrate Judge Warner entered an Order granting the parties' joint motion and adopting the parties' deadlines. (*See* ECF No. 115 at 2.)

On November 9, 2017, Yardi filed a Motion to Modify Scheduling Order. (ECF No. 149.) In this Order, Yardi proposed an expert discovery cutoff date of September 7, 2018.

1

Yardi's proposed "disposition motion[ ]" deadline was September 14, 2018—again one week after the expert discovery cutoff. (*See* ECF No. 149 at 3.) On November 17, 2017, Magistrate Judge Warner entered an order adopting those dates. (*See* ECF No. 162 at 3.)

On June 18, 2018, the parties filed a Joint Motion to Modify the Scheduling Order. (ECF No. 284.) In this Motion, the parties requested dates that again set the dispositive motion deadline for one week after the expert discovery cutoff. (*See* ECF No. 284 at 3.) Magistrate Judge Warner entered an Order adopting those dates. (ECF No. 285.)

On September 6, 2018, Entrata filed a Motion to Modify Scheduling Order. (ECF No. 355.) Entrata proposed a dispositive motion deadline for one week after expert discovery cutoff. (*See* ECF No 355 at 5.) On September 10, 2018, the parties filed a stipulation proposing dates that again set the dispositive motion deadline for one week after expert discovery cutoff. (ECF No. 363 at 2.) On September 11, 2018, the court entered an order setting the expert discovery cutoff for January 7, 2019 and the dispositive Motion deadline for January 14, 2019. (ECF No. 365 at 1.)

On October 22, 2018, the parties filed a Joint Motion to Modify the Scheduling Order. (ECF No. 393.) The court granted the motion, setting the expert discovery cutoff for February 22, 2019 and the Dispositive Motion deadline for March 1, 2019. (*See* ECF No. 396 at 1.)

On December 28, 2018 the parties filed a Joint Motion to Modify Scheduling Order. (ECF No. 438.) The parties proposed an expert discovery cutoff of March 1, 2019 and a dispositive motion deadline of March 8, 2019. (ECF No. 438 at 2.) On January 2, 2019, the court granted the Motion. (ECF No. 440.) The current expert discovery cutoff is March 1, 2019, and the current dispositive motion deadline is March 8, 2019. (*See* ECF No. 440.)

On January 25, 2019, Yardi filed its Motion to Modify Scheduling Order. (ECF No. 446.)

In this Motion, "Yardi seeks a . . . two-week extension of the case deadlines for dispositive motions and oppositions." (ECF No. 446 at 2.) Yardi argues that it "is forced to seek" this extension "because Dr. Kearl, Entrata's *primary* antitrust expert, is unavailable until February 27, 2019—a mere nine days before dispositive motions are due." (ECF No. 446 at 4 (emphasis in original).) Yardi further characterizes the "aggressive schedule" as one "which Entrata has insisted" upon. (ECF No. 446 at 3.)

On February 1, 2019, Entrata filed its Opposition. Entrata's primary argument is that Yardi has failed to show good cause "to abandon the schedule [Yardi] proposed and agreed to only a month ago." (ECF No. 449 at 9 (emphasis in original removed).) Entrata argues that "Yardi's claim that Entrata 'insisted' on the current schedule is false," and argues that ***Yardi itself proposed*** the current schedule . . . ." (ECF No. 449 at 7 (emphasis in original).) In support, Entrata cites to an email from Yardi's counsel from December 19, 2018. (*See* ECF No. 449 at 7.) Relevant here, Yardi's counsel wrote "[w]e repeat **our** offer to stipulate to an appropriate extension of time of the February 1 expert supplemental reply reports deadline. Given that the remaining deadlines are February 22 (expert discovery); March 1 (dispositive motions) . . . ." (ECF No. 450-27 (emphasis added).) Entrata also argues that "Yardi waited since ***August 2017*** to complain about the time period between expert discovery and dispositive motions—and only after repeatedly endorsing that one-week timeframe in *every* schedule since . . . ." (ECF No. 449 at 9-10 (emphases in original).)

**II.  Analysis**

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The court agrees with Entrata that Yardi has failed to show good cause to modify the schedule. Yardi's characterization of the schedule as one

3

"which Entrata . . . insisted" upon is not well-taken. As detailed above, the parties have agreed since August 3, 2017 that the dispositive motion deadline would be one week after the expert discovery cutoff. Further, as recently as December 28, 2018, the parties filed a **Joint** Motion to Amend Scheduling seeking a dispositive motion deadline for one week after exert discovery cutoff. (ECF No. 438 at 2.) Yardi has a number of experienced and well qualified counsel representing it. The theories and defenses in this case have been at issue for a long time. Yardi must well understand the issues and the defenses it intends to present. The time allowed on the present schedule is more than sufficient to allow for any adjustment once the expert discovery is completed.

### III.	Conclusion

Because Yardi has failed to show good cause to modify the scheduling order, its Motion is DENIED.

DATED this 4th day of February, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Judge