# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>YARDI SYSTEMS, INC., a California corporation<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING ENTRATA'S MOTION FOR MONETARY SANCTIONS<br><br>Case No. 2:15-cv-00102<br><br>Judge Clark Waddoups |

Before the court is Plaintiff Entrata, Inc.'s Motion for Monetary Sanctions. (ECF No. 569.) As explained below, the court GRANTS the Motion.

## Background[1]

On February 13, 2019, Entrata filed an Emergency Motion to Strike the Supplemental Expert Reports of Gordon Rausser and Richard Hoffman. (ECF No. 456.) In its Motion, Entrata argued that the Supplemental Reports "were needed only because Yardi concealed almost 9,000 documents behind false privilege claims and responsive yCRM data in violation of a prior [court] Order." (ECF No. 456 at 4.) On February 26, 2019, the court entered an order finding that "Yardi ha[d] repeatedly acted in bad faith in delaying the production of the yCRM data." (ECF No. 492 at 24.) The court summarized some of Yardi's misconduct in that order:

- Magistrate Judge Warner ordered Yardi to review its September 29, 2017 document production and produce only those documents that were responsive to Entrata's request after it dumped approximately 1.3 million documents on Entrata.
- This court ordered special master review of Yardi's privilege logs after it determined that there was a reasonable basis to believe that many documents

---

[1] Much of the background related to this motion is discussed in the court's prior orders. (ECF Nos. 492 and 560).

1

- Yardi was withholding were not privileged. This resulted in Yardi withdrawing its privilege claims on thousands of documents. The production of some of these documents aided Entrata in discovering that Yardi's November 2018 yCRM production was incomplete. (*See* ECF No. 461-13 at 3.)
- Regarding the yCRM data, Yardi repeatedly represented to the court that it had complied with its discovery obligations. Time and time again this proved false. Entrata was *twice* forced to seek relief from the court to force Yardi to disclose relevant yCRM data.
- On October 11, 2018, Magistrate Judge Wells ordered a 30(b)(6) "deposition where Entrata [could] ask questions regarding the yCRM data, its production, methodology, and questions regarding missing data following the production of any additional yCRM data by Yardi." (ECF No. 380 at 5.) Yardi did not make this witness available until January of 2019, and did not offer any explanation as to why no other witness could fill that role.

(ECF No. 492 at 24–25 (emphasis in original).) The court also noted that Yardi had "submitted multiple *sworn* declarations that have proved to be inaccurate." (ECF No. 492 at 25 n. 7.)

On March 4, 2019, the court held oral argument to determine "how sanctions should apply and to what extent." (*See* ECF No. 492 at 26; ECF No. 501.) On March 28, 2019, the court entered an order striking Dr. Rausser's February 8, 2019, expert report. (ECF No. 560.) Additionally, the court entered a briefing schedule to address Entrata's request for fees and costs for Yardi's misconduct. (*See* ECF No. 560 at 13.)

"Through its Motion, Entrata requests an award from the Court of $1,592,503 in attorneys' fees, $349,359 in expert fees, and $33,247 in litigation expenses and costs . . . plus the fees and costs associated with Entrata's Motion for Sanctions . . . ." (ECF No. 573 at 2.) Yardi responds that it "offered to pay [Entrata] monetary sanctions in the amount of $750,000," but argues that "[i]f the Court is inclined to consider a higher monetary award," it "respectfully

2

submits that it should not exceed $1,165,145." (ECF No. 613 at 11–12.) Yardi argues that "Entrata's request includes amounts that are not recoverable, notably for review of documents, travel time and work relating to motions for which sanctions were denied." (ECF No. 613 at 12.) In reply, Entrata argues that "[a]warding Entrata the fees and costs it seeks—without Yardi's arbitrary and unsupported reductions—is the least Yardi's continued misconduct warrants." (ECF No. 652 at 4.) Entrata clarifies that it "seeks $1,938,565, ***plus fees and costs for [its] Motion*** . . . ." (ECF No. 652 at 6 n. 1 (emphasis in original).)

The court heard argument on Entrata's Motion for Monetary Sanctions, among others, on July 23, 2019. (ECF No. 832.)

## Analysis

"It has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (citation omitted). "Among these . . . powers is a court's ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015) (internal quotation marks omitted) (citation omitted). Indeed, courts have the authority "to impose attorney-fee sanctions upon a party for bad-faith misconduct . . . ." *See id*. A party "by controlling [its] conduct in litigation, has the power to determine whether sanctions will be assessed." *See id*. Yardi's conduct in this litigation warrants a substantial award of attorney fees.[2]

---

[2] An award of an attorney-fee sanction may be "rooted in statute, rule, or a court's inherent authority." *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015). This court's sanction is rooted in its inherent authority.

3

As an initial matter, the court addresses the five *Enrenhaus* factors cited by Entrata. The Tenth Circuit has provided that a district court should consider those factors when considering dismissal with prejudice as a sanction. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Lujan v. Dreis*, 414 F. App'x 140, 142 (10th Cir. 2011). The court rejects any argument for entry of judgment against Yardi.[3] The court nevertheless finds that consideration of the *Enrenhaus* factors supports an imposition of a substantial monetary sanction upon Yardi.

First, Entrata has been prejudiced by Yardi's needless delays. Second, the court also finds, "[b]ased upon the large amount of time and resources the Court has been forced to use in this case due to" Yardi's misconduct, that Yardi has interfered with the judicial process. *C.f. Brigham Young Univ. v. Pfizer, Inc.*, 262 F.R.D. 637, 645 (D. Utah 2009). Third, the court already found that Yardi acted in bad faith. The court's finding was buttressed at oral argument by Yardi's new counsel. (*See* ECF No. 835 at 214 ("When we got involved in the case we looked at this record, **we acknowledged mistakes**, we owned up to it, **things should have been done differently.**") (bold added).) Fourth, as Entrata argues, (ECF No. 569 at 12) the court warned Yardi multiple times. Yardi had the power to determine whether sanctions would be assessed. Despite the court's numerous warnings, Yardi and its prior counsel persisted in their misconduct. These choices warrant strong sanctions.

The only question for this court is what amount of monetary sanctions to impose. At oral argument, the court provided: "[a]s I read the briefs, Yardi has basically conceded that there is justification for about 1.2 million. All I really need to hear is why it shouldn't be more." (ECF No. 835 at 206–07.) The court sees no reason to depart from its prior reasoning. Entrata supported its Motion for Sanctions with a detailed declaration from its lead counsel. (*See* ECF

---

[3] Entrata argues that "the Court is well within its discretion to enter default judgment against Yardi." (ECF No. 652 at 4.)

4

No. 573.) The amount Entrata requests is well supported. The court only addresses Yardi's arguments that seek a reduction in the sanction amount.

First, Yardi argues that the fact that Magistrate Judge Warner and Wells denied Entrata's previous requests for fees and costs supports a reduction in the amount of fees Entrata seeks. With respect, this argument is absurd. This court overturned Judge Warner's ruling on Entrata's Motion for Appointment of a Special Master because that ruling was both clearly erroneous and contrary to law. After this court issued that Order, Yardi withdrew its privilege claims on thousands of documents. The production of some of these documents aided Entrata in discovering that Yardi's yCRM production was incomplete. When Judge Warner denied Entrata's request for an award of fees and costs, he had a limited exposure to the great breadth of Yardi's misconduct—largely due to Yardi's deception. With the benefit of a fuller picture, this court found that Yardi had acted in bad faith. Yardi's argument is not well-taken.

Next, Yardi relies on *Brigham Young Univ. v. Pfizer, Inc.*, 262 F.R.D. 637, 644 (D. Utah 2009) to argue that Entrata's fee request should be reduced by approximately $809,964 because "Entrata's request includes amounts that are not recoverable . . . ." (ECF No. 613 at 12.)

Yardi argues that Entrata's request for $343,228 in fees for review of the 1.3 million documents and another $112,880 for review of the de-privileged documents should be deducted under *Pfizer*. (*See* ECF No. 613 at 12.) The court rejects Yardi's argument. If Yardi had properly disclosed all relevant documents in the first instance, Entrata would never have had to review the 1.3 million document dump. Additionally, in *Pfizer*, the "Court decline[d] to find that Pfizer ha[d] acted willfully or in bad faith." *Pfizer*, 262 F.R.D. at 645. As discussed above, the court has found that Yardi acted in bad faith. Yardi's reliance on *Pfizer* is therefore misplaced. The court rejects Yardi's request to reduce Entrata's requested fees related to document review.

Next, Yardi argues that Entrata's request for fees relating to briefing sanctions requests should be denied because "Entrata's requests for sanctions on these motions were denied." (ECF No. 613 at 12–13.) As explained above, the court rejects Yardi's argument that the court's previous denial of Entrata's request for sanctions should govern now—when more facts have come to light regarding Yardi's misconduct.

Next Yardi argues that Entrata's request for fees for depositions on the de-designated documents should be reduced by 50% because it "is excessive." The court rejects Yardi's conclusory argument.

Next Yardi argues that Entrata's travel expenses should be reduced by 50% "under *Pfizer*." (ECF No. 613 at 13.) Again, Yardi's reliance on *Pfizer* is misplaced. The court rejects Yardi's argument.

Finally, Yardi argues that Entrata's request for $6,587 in fees and expenses for expert reports should be deducted because they "are unrelated to the issue at hand . . . ." (ECF No. 613 at 13.) The court is persuaded that these fees were only necessary because of Yardi's delays in producing the yCRM data. The court rejects Yardi's argument.

## Order

Based on its inherent authority, the court sanctions Yardi for its bad-faith misconduct. Entrata's Motion for Monetary Sanctions, (ECF No. 569) is GRANTED. The court imposes attorney-fee sanctions upon Yardi in the amount of $1,938,565, plus fees and costs associated with Entrata's Motion.

DATED this 28th day of August, 2019.

                                          BY THE COURT:

                                          Clark Waddoups
                                          United States District Judge