# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ENTRATA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YARDI SYSTEMS, INC., a California corporation,<br><br>Defendant. | **ORDER ON MOTIONS IN LIMINE**<br>Case No. 2:15-cv-00102<br>Judge Clark Waddoups |

Before the court are a total of sixteen Motions *In Limine*. The court heard oral argument on these motions on August 30, 2019, and ruled from the bench. This written order is meant to provide additional guidance for the parties at trial.

<u>Entrata's Motion *in Limine* # 1 (ECF No. 690)</u>

Entrata argues that the court "should exclude any argument and evidence about the supposed [procompetitive] benefits of the SIPP under Rules 402 and 403" of the Federal Rules of Evidence. Yardi's expert submitted an expert report on procompetitive effects. The court struck that report in its entirety. The court GRANTS Entrata's Motion *In Limine* #1, (ECF No. 690). If Yardi attempts to introduce other evidence of SIPP's procompetitive effects by witnesses other than Yardi's expert, the court will rule on the admissibility of that evidence at trial.

<u>Entrata's Motion *in Limine* # 2 (ECF No. 693)</u>

Entrata argues that "this Court should exclude evidence of conduct and statements by Entrata involving" a June 15, 2015, settlement meeting under Rule 408 of the Federal Rules of Evidence. (ECF No. 696 at 4.) Rule 408 of the Federal Rules of Evidence provides in relevant part that "conduct or a statement made during compromise negotiations about [a disputed]

1

claim" are not admissible. Fed. R. Evid. 408(a)(2). But "[t]he court may admit this evidence for another purpose, such as . . . negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

Yardi argues that evidence of the parties' divorce "is admissible to explain Yardi's actions and rebut Entrata's incorrect accusations." (ECF No. 737 at 9.) But a 2006 amendment to Rule 408 provides: "[t]he amendment prohibits the use of statements made in settlement negotiations when offered to impeach by prior inconsistent statement or through contradiction. Such broad impeachment would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements."

As the court provided at oral argument, it GRANTS Entrata's Motion *In Limine* # 2, (ECF No. 693). The court holds that evidence of conduct and statements made during the June 15, 2015, settlement meeting are excluded under Rule 408 of the Federal Rules of Evidence. As stated at oral argument, the 2006 amendment prohibits the evidence that Yardi seeks to admit.

<u>Entrata's Motion *in Limine* # 3 (ECF No. 698)</u>

Entrata argues that "[t]he Court should exclude any evidence or argument that Yardi was excused from performing its obligations under the parties' 2006 Non-Disclosure Agreement . . . ." (ECF No. 698 at 4.) Entrata's argument relates to Entrata's contract claim against Yardi for Breach of Express Contract. The court granted Yardi's Motion for Summary Adjudication of Entrata's claim. (*See* ECF No. 837 at 10.) Entrata Motion I*n Limine* # 3 is therefore DENIED as MOOT.

<u>Entrata's Motion *in Limine* # 4 (ECF No. 699)</u>

Entrata argues that this court "should exclude any evidence and argument regarding Entrata's or any other vendors' products, customers, or sales beyond the conventional

multifamily property management marketplace in the United States, such as vendors' total sales, revenue, and unit counts." (ECF No. 702 at 4.) Entrata largely seeks to exclude business press releases related to the success of Entrata Core. (*See* ECF No. 702 at 6.) Entrata specifically seeks exclusion of other companies' "10-K filings" that Yardi seeks to admit to support its argument of competition. (*See* ECF No. 702 at 8.) Entrata argues that these exhibits are overbroad because they are not specific to Entrata's conventional multifamily business, and argues that "Entrata's success—or lack thereof—in launching Entrata Core beyond the relevant market has no bearing on whether 'competition is effective' or has been harmed in the relevant markets for this case . . . ." (ECF No. 702 at 6.)

Yardi argues that "[t]he documents that Entrata is seeking to exclude speak to Entrata's success in growing Entrata Core in the multifamily space, which *includes* conventional multifamily." (ECF No. 741 at 8.) Yardi further argues that the exhibits it seeks to introduce are relevant—even if they are overbroad. (*See* ECF No. 741 at 7.)

As the court provided at oral argument, the court GRANTS in part and DENIES in part Entrata's Motion *In Limine* # 4, (ECF No. 699). As a general matter, the court will sustain an objection and will not allow evidence that goes to the question of Entrata's overall success as a company that is not confined carefully to the relevant market at issue in this case. With respect to any specific exhibit, the court will expect a careful foundation to be laid, and if it possible from that foundation to tease out relevant evidence that goes to Entrata's success in the relevant market, the court will admit that evidence. If the evidence as presented in the document or testimony would be so confusing that there is no way for the jury to sort out what its relevance would be with respect to the relevant market, the court will sustain an objection. Regarding the 10-K filings and statements about competition, the court will require careful foundation to be

laid before the court will allow the evidence about competition to be admitted. The court will require foundation as to the knowledge of the witness to testify about the content of the document and relevance to an issue to be decided by the jury.

Entrata's Motion *in Limine* # 6 (ECF No. 708)

Entrata argues that "[t]his Court should exclude any evidence or argument related to Yardi's intellectual property allegations, which are the basis of its California case." (ECF No. 708 at 4.) Yardi responds that "Entrata's misconduct is central to the issues in this litigation." (ECF No. 748 at 5.) In Reply, Entrata argues that "Yardi's [intellectual property] allegations would require an all-consuming side-trial." (ECF No. 827 at 6.)

As provided at oral argument, the court GRANTS Entrata's Motion # 6, (ECF No. 708). Rule 403 of the Federal Rules of Evidence provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The court finds that introducing evidence of the California allegations would require a trial within a trial. The probative value of this evidence is outweighed by the undue delay that would result from Entrata having to rebut Yardi's proposed evidence. The court excludes evidence related to the California case. The allegations made in the California case remain simply allegations, not proven facts. The allegations will best be resolved in the California case where they are still pending.

Further, the court is persuaded by Entrata's argument that Yardi previously sought to restrict discovery related to the California case based on the argument that it was not relevant to this case. Additionally, Yardi's Answer did not raise any of the California issues as a defense to

this case. This provides further support for the court's conclusion that the evidence from the California case should be excluded at trial.

Entrata's Motion *in Limine* # 8 (ECF No. 847)

Entrata seeks to preclude Yardi under Federal Rules of Civil Procedure 26(e) and 37(c) from arguing at trial that Yardi refused to deal with Entrata to protect copyrights in its standard interface specifications (APIs) and standalone databases. (*See* ECF No. 850 at 7.) Federal Rule 26(e) provides, in relevant part:

> A party who . . . has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1)(A). Federal Rule of Civil Procedure 37(c) provides, in relevant part:

> If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless

Fed. R. Civ. P. 37(c)(1).

Entrata argues that "Yardi failed to assert or disclose its new copyright theory in discovery, summary judgment briefing, or elsewhere in this case." (ECF No. 850 at 4.) Entrata argues that "Yardi's response to Entrata's interrogatories" "omit[ted] any mention of copyrights." (ECF No. 850 at 5.) On this point, Yardi responds that "[n]one of Entrata's 58 interrogatories asks Yardi to identify the specific IP rights Yardi invoked for its *SolidFX* Defense." (ECF No. 873 at 7.)

The court rejects Yardi's argument and finds that Yardi was required to include its copyright defense in response to Entrata's interrogatories. Interrogatory # 33 provided: "[d]escribe with specificity every occasion on which You told any PM Vendor that it could not participate in SIPP or otherwise Integrate its software or services with Your software . . .

5

describing the form of each such communication, **describing your reasons** for not allowing the PM vendor to Integrate its software or services with Your software . . . ." (ECF No. 871-2 at 7 (bold added).) Similarly, Interrogatory # 11 provided: "[i]dentify all facts relating to the creation, development, and implementation of the Yardi Standard Interface Program, **including Yardi's decision to bar** third-party vendors from joining the Standard Interface Program . . . ." (ECF No. 871-1 at 28 (bold added).) These interrogatories required Yardi to describe its reasons for not allowing Entrata to integrate its products with Yardi's products. If Yardi's protection of its copyrights in its standard interface specifications and Voyager databases was its reason, it should have responded to Entrata's interrogatories accordingly. It did not. Rule 37(c)(1) bars Yardi from using that information at trial.

Yardi also argues that it "raised its *SolidFX* Defense at the Outset of the Case." (ECF No. 873 at 6.) In support, Yardi points to its counsel's oral argument from a November 16, 2016 hearing on Yardi's Motion to Dismiss. (*See* ECF No. 873 at 6 (citing (ECF No. 81 at 18–19).) The court rejects this argument. This brief reference to *SolidFX* was not sufficient to put Entrata on notice of Yardi's copyright defense. Further, after Yardi's Motion to Dismiss was denied, it filed its Answer. Yardi's Answer did not include its copyright defense.

Additionally, it is clear that the discovery that has been completed did not focus on *SolidFX* as a defense. If it had been disclosed, the discovery that would have been taken would have been different, and more complete—involving many issues that Yardi now asserts. Allowing Yardi to argue that it is entitled to the presumption it argues for under *SolidFX* without giving Entrata the ability to engage in full discovery on that issue would severely prejudice Entrata. For all of these reasons, Entrata's Motion *In Limine* # 8, (ECF No. 847) is GRANTED.

Yardi's Motion *in Limine* # 1 (ECF No. 669)

Yardi "moves the Court to preclude any evidence or references to pretrial discovery conduct, disputes, or sanctions, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence." (ECF No. 669 at 2.)

Entrata responds that "it does not intend to introduce the Court's Orders regarding Yardi's discovery misconduct or resulting sanctions." (ECF No. 774 at 4.) But Entrata argues that Yardi's "repeated bad faith efforts to conceal evidence of its unlawful actions are highly relevant to the anticompetitive nature of its actions in the marketplace, the legitimacy . . . of its proffered 'business' justifications, and its specific intent to monopolize the relevant markets . . . ." (ECF No. 774 at 4.) Entrata seeks admission of the following categories of evidence:

- Evidence related to Anant Yardi's directive to copy-in-house counsel on documents to avoid discovery;
- "Yardi's privilege claims as to nearly 9,000 documents that it later acknowledged were discoverable;"
- "the timing and circumstances of Yardi's yCRM data productions and Yardi's misrepresentations, especially under oath about that data; and"
- "[t]he substance of previously withheld or redacted documents and Yardi's testimony related to them." Here, Entrata seeks to admit evidence that Mr. Bustany, Yardi's in-house-counsel, instructed Yardi employees to "discard older revisions" of the Sunset Notice and seeks to admit evidence of Mr. Bustany's conflicting deposition testimony.

(ECF No. 774 at 13–14.)

In reply, Yardi argues that (I) "[r]ules 402 and 403 foreclose Entrata's attempts to parade privilege assertions before the jury," (II) "the history of Yardi's production of yCRM data is

7

irrelevant and prejudicial," and (III) "evidence of Yardi's privilege assertions and alleged discovery misconduct are inadmissible." (ECF No. 800 at 5; 9; & 11.)

The court has carefully considered the parties' arguments. As stated at oral argument, the court will not make a final ruling on Yardi's Motion *In Limine* # 1, (ECF No. 669). The court will rule on the admissibility of specific items of evidence at the time they are offered at trial. As provided at oral argument, however, the court provides the following guidance:

- With respect to Mr. Yardi's directions as to counsel and whether those were followed up with a particular course in terms of how discovery was carried out, the court is inclined to allow that evidence to be received, depending on how the question is asked and whether adequate foundation has been laid for the witness's knowledge;

- Regarding Yardi's privilege claims as to nearly 9,000 documents that it later acknowledged were discoverable, the court remains open to allowing that testimony, but will require that there be a proffer as to what the testimony will be and who the witnesses are that will be called to support it;

- With respect to the yCRM data, the court enters a separate order on Entrata's Motion for Spoilation of Evidence, (ECF No. 718). That order provides that Entrata may introduce evidence of Yardi's failure to preserve yCRM data. If there is sufficient evidence that Yardi acted with an intent to deprive Entrata of that data, the court will include a special interrogatory in the final jury instructions that will allow the jury to decide Yardi's intent.

- Regarding the substance of Mr. Bustany's email directing Yardi employees to "discard" revisions of the Sunset Notice, the court is inclined to allow that evidence to be received, depending on how the question is asked and whether adequate foundation has been laid

for the witness's knowledge. The court is also inclined to allow evidence of Mr.

Bustany's inconsistent deposition testimony to be received.

Yardi's Motion *in Limine* # 2 (ECF No. 670)

Yardi's moves the court to "exclude any argument by Entrata that Yardi's intellectual property justifications for the alleged refusal to deal were a mere 'pretext' . . . ." (ECF No. 670 at 2.) As explained above, the court granted Entrata's Motion *In Limine* # 8. That ruling precludes Yardi from raising protection of its copyrights as defense against Entrata's refusal to deal claims. Yardi's Motion *In Limine* # 2 is therefore MOOT.

Yardi's Motion *in Limine* # 3 (ECF No. 671)

As Yardi points out in its Reply, "Yardi's requested relief regarding specialty properties is unopposed." (ECF No. 802 at 4.) This portion of Yardi's Motion *In Limine* # 3 is therefore MOOT.

At oral argument, Yardi made clear that it is largely concerned that Entrata will ask Dr. Rausser a question about "the later-produced yCRM data . . ." (*See* ECF No. 802 at 5.) Entrata represented at oral argument that it would not ask Dr. Rausser about why he did not analyze the later produed yCRM data. As the court explained at oral argument, to the extent Dr. Rausser is asked a question on that topic, he should simply respond that he is not offering an opinion on that data.

Yardi's Motion *In Limine* # 3, (ECF No. 671) is DENIED.

Yardi's Motion *in Limine* # 4 (ECF No. 672)

Yardi argues that the court "should exclude any references to counterclaims brought against Yardi in a 2011 lawsuit that Yardi filed against RealPage . . . ." (ECF No. 672 at 2.) Yardi argues that "the mere fact that RealPage brought [antitrust] counterclaims against Yardi in

another lawsuit does not make any fact in this case more probable and has no consequence to this case." (ECF No. 672 at 3.)

In response, Entrata argues that evidence related to RealPage's counterclaims "goes to key issues at the heart of this litigation," including "Yardi's pretextual business justifications for cutting off Entrata," "Entrata's market definitions," and "Yardi's dominant position as a monopolist." (ECF No. 777 at 5.) Regarding Yardi's pretextual business justifications, Entrata argues that Yardi allowed RealPage to join its Standard Interface even after Yardi had accused RealPage of stealing its intellectual property. (*See* ECF No. 777 at 6.) Regarding market definition, Entrata argues that Yardi's reliance on RealPage's 2016 10-K filing to attack Dr. Kearl's market definition is undercut by the fact that RealPage "defined the market for its own antitrust counterclaims identically to what Dr. Kearl calls the Core Property Management Systems market . . . ." (ECF No. 777 at 8.)

As provided at oral argument, the court GRANTS Yardi's Motion in part and DENIES in part. The court will not allow this case to become a trial about whether the allegations made by RealPage were accurate or not accurate. The allegations were resolved by settlement, not trial. They remain allegations, not proven facts. The court will not allow reference to the RealPage counterclaims and the allegations made in those counterclaims—with two caveats. First, if Yardi takes the position at trial that it has never done business with a company that it has previously accused of stealing its intellectual property, then Entrata would be allowed to ask questions on cross-examination about whether Yardi allowed RealPage to join the SIPP. Second, if Yardi makes factual representations about the RealPage litigation that are inaccurate, Entrata will be allowed to ask questions to rebut those representations. More specifically, if Yardi relies on RealPage's 10-K filing to attack Entrata's market definition, the court will allow Entrata to

introduce evidence of the RealPage's counterclaim, and RealPage's market definition in those counterclaims.

Yardi's Motion *in Limine* # 5 (ECF No. 673)

Yardi moves the court "to preclude Entrata . . . from offering evidence of or referencing any supposed data security issues not located within interfaces." (ECF No. 673 at 2.) More specifically, Yardi argues that "any security issues concerning" Yardi's Voyager Software are irrelevant. (ECF No. 673 at 2.)

In response, Entrata argues Yardi put data security at issue in this case when it "told customers . . . that it barred them from Entrata's custom interface to enhance data security." (ECF No. 778 at 4.) Entrata seeks to introduce evidence that Yardi's representations to customers that "using Voyager with Yardi's own standard interfaces" was more secure than "Entrata's custom interface" were false. (*See* ECF No. 778 at 4.) Entrata's argues that Voyager's security vulnerabilities are relevant because those vulnerabilities are not completely distinct from Yardi's standard interface. (*See* ECF No. 778 at 7–8.)

In reply, Yardi argues that "[t]he alleged fact that certain supposed underlying vulnerabilities in *Voyager itself* apply equally to Entrata's custom interface and Yardi's standard interfaces does not bear on whether, for example, quarantining a portion of the Entrata custom interface was a reasonable way to address a specific security vulnerability that existed in Entrata's custom interface." (ECF No. 803 at 8.)

As explained at oral argument, the court DENIES Yardi's Motion *in Limine* # 5, (ECF No. 673). If Yardi introduces evidence that it cutoff Entrata's custom interface because of data security concerns, the court will allow Entrata to cross-examine Yardi's witnesses about

11

Voyager's security vulnerabilities. This evidence is relevant to Yardi's motivation to cutoff Entrata.

Yardi's Motion *in Limine* # 6 (ECF No. 674)

Yardi moves the court "to exclude any references to or evidence of the size or the financial condition of Yardi . . . ." (ECF No. 676 at 2.) Entrata responds that "Yardi's overall size and financial condition, including its revenues and profitability, are highly relevant to" Yardi's willingness and ability to forsake short-term profits. (ECF No. 779 at 6–7.)

As explained at oral argument, the court DENIES Yardi's Motion *In Limine* # 6, (ECF No. 674). Yardi's overall strength and profitability is a relevant issue in the case. Yardi's profitability in other markets is relevant to its ability forgo short term profits in the relevant market. Entrata is entitled to put on evidence as to Yardi's ability, because of its overall strength and profitability, to forgo short term profits and its willingness to do so. If the presentation of evidence goes beyond that limited issue, the court will sustain an objection.

Yardi's Motion *in Limine* # 7 (ECF No. 677)

Yardi moves the court to exclude evidence or references to any prior judicial rulings or attorney arguments with respect to any expert in this case. (*See* ECF No. 677 at 2.) More specifically, Yardi seeks to prevent Entrata from "attack[ing] the general credibility and reputation of" Yardi's expert—Dr. Rausser. (*See* ECF No. 677 at 2.)

Entrata "opposes Yardi's effort to shield Dr. Rausser from examination about [his] serious prior misconduct." (ECF No. 767 at 5.) Entrata argues that "Dr. Rausser's prior misconduct is admissible and he should confront cross examination on it . . . ." (ECF No. 767 at 11.)

As explained at oral argument, the court DENIES Yardi's Motion *In Limine* # 7, (ECF No. 677). Federal Rule of Evidence 608(b)(1) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness." The court will allow Entrata, under Rule 608(b), to cross examine Dr. Rausser fully about his prior acts. If Yardi believes that any of Entrata's questions go beyond the scope of what that rule allows, Yardi can object and the court will rule at that time.

Yardi's Motion *in Limine* # 8 (ECF No. 678)

Yardi "moves the Court to exclude evidence of or reference to whether Yardi permits the use of custom interfaces with respect to commercial property and asset management companies . . . or any other non-conventional multifamily customer . . . ." (ECF No. 680 at 2.) Yardi argues that "[t]he relevant inquiry is . . . Yardi's conduct within the confines of the alleged markets for managers of conventional multifamily properties, not commercial." (ECF No. 680 at 2–3.)

Entrata responds that "Yardi's different treatment of custom interfaces for multifamily and non-multifamily customers is probative of pretext and specific intent." (ECF No. 780 at 5.) Entrata intends to "introduce evidence of Yardi's . . . elimination of custom interfaces for only its multifamily customers to show that Yardi's claim that its conduct was justified because of data security and data integrity concerns is merely pretext for its 'anticompetitive motivation.'" (ECF No. 780 at 5 (citation omitted).)

In Reply, Yardi argues that "the differences between custom interfaces for non-multifamily customers and multifamily customers disposes of Entrata's relevance claims." (ECF No. 805 at 5.) Yardi argues that "the custom interface for a commercial customer" is necessarily

different from the custom interface for a multifamily customer because "every Yardi client has a different database and because the custom interface is unique to that database." (ECF No. 805 at 6.) More specifically, Yardi argues that it does not store personal information for commercial clients, but does for multifamily customers.

As provided at oral argument, the court DENIES Yardi's Motion *in Limine* # 8, (ECF No. 678). The court will allow Entrata to introduce evidence that Yardi continued to allow custom interfaces for non-multifamily customers because this evidence is relevant to Yardi's motivation to cut off Entrata. To the extent that Yardi has valid reasons for cutting off customer interface for only Entrata, and not commercial customers, Yardi may present evidence to the factfinder to justify its decision.

Yardi's Motion *in Limine* # 9 (ECF No. 681)

Yardi moved the court to exclude testimony by Dr. Kearl relating to damages for Entrata's remaining tort claim for false advertising. (*See* ECF No. 683 at 2.) Entrata subsequently notified the court that Dr. Kearl "will not offer any opinion on damages associated with Entrata's second claim for false advertising . . . ." (ECF No. 838 at 2.) Yardi's Motion *in Limine* # 9, (ECF No. 681) is therefore MOOT.

Yardi's Motion *in Limine* # 10 (ECF No. 684)

Yardi moves the court to exclude "testimony by Dr. Kearl relating to the purported irrationality of Yardi's conduct . . . ." (ECF No. 686 at 2.) Yardi argues that Dr. Kearl's proposed testimony "is an impermissible legal opinion . . . ." (ECF No. 686 at 2.) In response, Entrata argues that "Dr. Kearl's testimony on the economic rationality of Yardi's conduct is well within his expertise as an economist." (ECF No. 782 at 4.)

As the court provided at oral argument, the court DENIES Yardi's Motion *In Limine* # 10, (ECF No. 684). Dr. Kearl is an economist. Economists regularly consider rationality from an anticompetitive point of view as part of their analyses. The court will not preclude him from expressing that opinion as an economist. To the extent that he has not given adequate notices of opinions in his report, Yardi is free to challenge Dr. Kearl as going beyond what was provided in his report. But to be clear, the court will not allow Dr. Kearl to express his views about what the believes the law is.

Conclusion

As explained above, the court orders as follows:

I. The court GRANTS Entrata's Motion *In Limine* #1, (ECF No. 690).

II. The court GRANTS Entrata's Motion *In Limine* # 2, (ECF No. 693).

III. The court DENIES as MOOT Entrata's Motion *In Limine* # 3, (ECF No. 698).

IV. The court GRANTS in part and DENIES in part Entrata's Motion *In Limine* # 4, (ECF No. 699).

V. The court GRANTS Entrata's Motion *In Limine* # 6, (ECF No. 708).

VI. The court GRANTS Entrata's Motion *In Limine* # 8, (ECF No. 847).

VII. The court reserves ruling on Yardi's Motion *In Limine* # 1, (ECF No. 669).

VIII. The court DENIES as MOOT Yardi's Motion *In Limine* # 2, (ECF No. 670).

IX. The court DENIES Yardi's Motion *In Limine* # 3, (ECF No. 671).

X. The court GRANTS in part and DENIES in part Yardi's Motion *In Limine* # 4, (ECF No. 672).

XI. The court DENIES Yardi's Motion *in Limine* # 5, (ECF No. 673).

XII. The court DENIES Yardi's Motion *In Limine* # 6, (ECF No. 674).

XIII. The court DENIES Yardi's Motion *In Limine* # 7, (ECF No. 677).

XIV. The court DENIES Yardi's Motion *in Limine* # 8, (ECF No. 678).

XV. The court DENIES as MOOT Yardi's Motion *In Limine* # 9, (ECF No. 681).

XVI. The court DENIES Yardi's Motion *In Limine* # 10, (ECF No. 684).

DATED this 3rd day of September, 2019

BY THE COURT:

Clark Waddoups
United States District Court Judge